# STATE OF SOUTH CAROLINA
## In The Supreme Court

Skydive Myrtle Beach, Inc. (f/k/a Skydive Myrtle Beach, LLC), Petitioner,

v.

Horry County, Horry County Department of Airports, H. Randolph Haldi, Pat Apone, Tim Jackson, and Jack Teal, Defendants,

of whom H. Randolph Haldi, Pat Apone, Tim Jackson, and Jack Teal are Respondents.

Appellate Case No. 2017-001382

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Horry County
Larry B. Hyman Jr., Circuit Court Judge

---

Opinion No. 27867
Heard November 8, 2018 – Filed March 13, 2019

---

### REVERSED

---

Robert B. Varnado and Alexis M. Wimberly, both of Brown & Varnado, LLC, of Mt. Pleasant, for Petitioner.

Samuel F. Arthur, III, of Aiken, Bridges, Elliott, Tyler & Saleeby, P.A., of Florence, for Respondents.

**JUSTICE FEW:** Skydive Myrtle Beach, Inc. brought this lawsuit alleging Horry County, Horry County Department of Airports, and several of their individually named employees improperly attempted to remove Skydive from the space it leased at Grand Strand Airport in North Myrtle Beach, South Carolina. The circuit court dismissed Skydive's claims against the individually named employees pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure, without allowing Skydive leave to amend its complaint. The court of appeals affirmed in an unpublished opinion. *Skydive Myrtle Beach, Inc. v. Horry County*, Op. No. 2017-UP-118 (S.C. Ct. App. filed March 8, 2017). We reverse the court of appeals and remand to the circuit court to allow Skydive an opportunity to file an amended complaint.

## I.    Rule 15(a), SCRCP

Horry County and the Department of Airports answered Skydive's complaint. The individually named employees (Respondents) filed a motion to dismiss pursuant to Rule 12(b)(6). Following a hearing on Respondents' motion, the circuit court requested proposed orders from Skydive and Respondents. Skydive submitted two proposed orders to the court. Each time, Skydive requested in writing it be allowed to amend its complaint to cure any pleading defects in the event the court decided to grant Respondents' motion. Nevertheless, the court granted Respondents' motion and dismissed Skydive's claims against Respondents without considering Skydive's request to amend its complaint. The order specifically provided the dismissal was "with prejudice."

When a trial court finds a complaint fails "to state facts sufficient to constitute a cause of action" under Rule 12(b)(6), the court should give the plaintiff an opportunity to amend the complaint pursuant to Rule 15(a) before filing the final order of dismissal. *See Foman v. Davis*, 371 U.S. 178, 179, 182, 83 S. Ct. 227, 228, 230, 9 L. Ed. 2d 222, 224, 226 (1962) (where a complaint is dismissed "for failure to state a claim upon which relief might be granted," leave to amend the complaint "should, as the rules require, be 'freely given'" (quoting Rule 15(a), Fed. R. Civ. P.)); *Dockside Ass'n, Inc. v. Detyens, Simmons & Carlisle*, 297 S.C. 91, 95, 374 S.E.2d 907, 909 (Ct. App. 1988) (holding "Dockside should have been given leave to amend its complaint" before it was finally dismissed pursuant to Rule 12(b), SCRCP (citing *Foman*, 371 U.S. at 182, 83 S. Ct. at 230, 9 L. Ed. 2d at 226)). Rule 15(a) "strongly favors amendments and the court is encouraged to freely grant leave to amend." *Patton v. Miller*, 420 S.C. 471, 489-90, 804 S.E.2d 252, 261 (2017) (quoting *Parker*

*v. Spartanburg Sanitary Sewer Dist.*, 362 S.C. 276, 286, 607 S.E.2d 711, 717 (Ct. App. 2005)).

The circuit court erred by failing even to consider allowing Skydive to amend its complaint. *See Patton*, 420 S.C. at 490, 804 S.E.2d at 262 (holding the trial court's failure to exercise its discretion under Rule 15(a) is itself an abuse of discretion).

## II.     Rule 12(b)(6), SCRCP

Rule 12(b)(6) permits the trial court to address the sufficiency of a pleading stating a claim; it is not a vehicle for addressing the underlying merits of the claim. *See, e.g., Charleston Cty. Sch. Dist. v. Harrell*, 393 S.C. 552, 557, 713 S.E.2d 604, 607 (2011) ("In considering a motion to dismiss pursuant to Rule 12(b)(6), SCRCP, the circuit court must base its ruling solely upon the allegations set forth on the face of the complaint."); *Brown v. Leverette*, 291 S.C. 364, 366, 353 S.E.2d 697, 698 (1987) (". . . solely upon the allegations set forth on the face of the complaint"); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 940-41 (2007) ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.") (internal quotations omitted); *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). At the Rule 12 stage, therefore, the first decision for the trial court is to decide only whether the pleading states a claim. Skydive was—any plaintiff is— entitled to litigate the validity of its original pleading without having to convince the trial court of the merits of its underlying claim.

If the trial court rules there has been a "failure to state facts sufficient to constitute a cause of action," then the question could become whether the plaintiff wishes to challenge the ruling by filing a Rule 59(e), SCRCP, motion. Filing a Rule 59(e) motion is not an option, however, unless the plaintiff has a legitimate argument the trial court erred in finding the complaint deficient. *See* Rule 11(a), SCRCP ("The . . . signature of an attorney . . . constitutes a certificate by him that . . . there is good ground to support [the pleading] . . . ."). Plaintiff's counsel will often decide in the course of litigating the validity of the original complaint that the complaint actually was deficient. But even if a plaintiff has an argument the complaint was valid, filing a Rule 59(e) motion is not a mandatory option. Skydive was—any plaintiff is— entitled to accept the court's ruling the original complaint was deficient, and replead in an attempt to fix the deficiency.

Ordinarily, therefore, the time for requesting leave to amend to correct a Rule 12(b)(6) pleading defect is after the trial court has determined the original pleading was deficient. In this case, because Skydive twice asked for leave to amend before its complaint was dismissed, it had the option of renewing its requests in a formal Rule 15(a) motion. However, the circuit court's "with prejudice" order put Skydive in a difficult position because it made Skydive practically unable to litigate a motion to amend before it must file the appeal. The Rule 203(b)(1), SCACR, deadline of thirty days is stayed only if a Rule 59(e) motion is filed.[1] If Skydive—if any plaintiff—has no legitimate argument as to the merits of the Rule 12(b)(6) ruling, and therefore cannot file a Rule 59(e) motion, that plaintiff has no way of tolling the thirty day deadline for filing an appeal while the motion to amend is litigated. Similarly, a plaintiff who chooses to replead is practically prevented from doing so when the dismissal order is with prejudice because the time for appeal will not be tolled unless the plaintiff files a Rule 59(e) motion addressing the merits of the Rule 12(b)(6) ruling. If Skydive either believed it had no basis on which to file such a Rule 59(e) motion, or simply preferred to replead instead, it was unable to litigate a motion to amend.

Thus, the circuit court erred not only in refusing to consider the request to amend, but also in effectively preventing Skydive from litigating a post-ruling motion to amend by immediately dismissing the claims "with prejudice."

### III.    Proper Considerations under Rule 15(a)

A trial court has discretion to deny a motion to amend if the party opposing the amendment can show a valid reason for denying the motion. *See* Rule 15(a) (stating "leave shall be freely given when justice so requires and does not prejudice any other party"); *Foman*, 371 U.S. at 182, 83 S. Ct. at 230, 9 L. Ed. 2d at 226 (listing valid reasons for denying a motion to amend); *Patton*, 420 S.C. at 490, 804 S.E.2d at 262 (stating "the circuit court should have considered whether the defendants were prejudiced by the amendment, or whether there was some other substantial reason to deny it"); 420 S.C. at 491 n.9, 804 S.E.2d at 262 n.9 (stating the burden of establishing a reason for denying the motion is on the party opposing the amendment); *Forrester v. Smith & Steele Builders, Inc.*, 295 S.C. 504, 507, 369 S.E.2d 156, 158 (Ct. App. 1988) (stating "a proper reason" to deny a motion to

---

[1] No other tolling provision in Rule 203(b)(1) would apply in this circumstance.

amend could be "bad faith, undue delay, or prejudice"); *Id.* ("In the absence of a proper reason, . . . a denial of leave to amend is an abuse of discretion.").

A court's decision to deny a motion to amend should not be based on the court's perception of the merits of an amended complaint. *Patton*, 420 S.C. at 490-91, 804 S.E.2d at 262 (citing *Tanner v. Florence Cty. Treasurer*, 336 S.C. 552, 558-60, 521 S.E.2d 153, 156-57 (1999). In rare cases, however, a trial court may deny a motion to amend if the amendment would be clearly futile. *See Jennings v. Jennings*, 389 S.C. 190, 209, 697 S.E.2d 671, 681 (Ct. App. 2010) ("Although leave to amend should generally be 'freely given,' . . . it may be denied where the proposed amendment would be futile."),[2] *rev'd on other grounds*, 401 S.C. 1, 736 S.E.2d 242 (2012); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (3d ed. 2010) ("If a proposed amendment is not clearly futile, then denial of leave to amend is improper.").

Here, the circuit court did not conduct an analysis to determine whether any amendment would be futile. The court of appeals, however—without articulating any such analysis—found the "amendment would be futile." *Skydive*, Op. No. 2017-UP-118 at 3 n.1. We have attempted to conduct the analysis to determine whether, in fact, any amendment would be futile. Even on the limited record before us, as we will explain, it is clear to us that allowing Skydive to amend its complaint would not be "clearly futile."

We begin by stressing the difficulty of determining whether allowing an amendment to a pleading would be futile without examining the proposed amendment. In this case, the circuit court dismissed Skydive's claims against Respondents without having seen any attempt at amending the complaint. We cannot imagine a circumstance in which a trial court should refuse to allow an amendment on the ground of futility without seeing what the amendment would look like.[3] The

---

[2] In *Jennings*, the court of appeals did not specifically state the amendment would "clearly" have been futile. A close examination of the court of appeals' explanation of its decision reveals, however, the proposed amendment in that case was "clearly futile." *See* 389 S.C. at 209, 697 S.E.2d at 681 (explaining the proposed new defendant was the attorney who was given printed emails, but had no direct access to the email account, and the alleged liability extended under the law only to persons who "actually engaged" in accessing the email account).

[3] As we will discuss below, an appellate court must consider the merits of an amendment to a complaint that in fact failed to state a claim, but was improperly

immediate filing of a "with prejudice" dismissal order effectively prevented Skydive from preparing and presenting to the court an amended complaint before the thirty-day deadline for serving the appeal ran.

Turning to what we can discern of the futility of an amendment from the limited record before us, Skydive began operating a skydiving business out of the Grand Strand Airport in North Myrtle Beach in 2012 pursuant to a lease agreement Skydive executed with Ramp 66, LLC. At the time of the agreement, Ramp 66 managed the Grand Strand Airport as an agent of the Department of Airports and Horry County.

In August 2013, the Department resumed control of the airport from Ramp 66. Respondents Pat Apone and Tim Jackson—employees of the Department—allegedly informed Skydive a new lease agreement between the County and Skydive was necessary for Skydive to continue its operations at the airport. Apone and Jackson told Skydive a new lease required County approval. Skydive executed a six-month temporary lease with the Department until the County approved a long-term lease.

Over the next few months, Skydive continued operating its business out of the airport. Skydive alleges it relied on Apone and Jackson's assurances that a long-term lease would soon be executed. However, several disputes arose between Skydive, Respondents, and the governmental entities related to Skydive's business operations, Skydives requests for maintenance and repair, and unauthorized entries onto Skydive's premises by agents of the Department. In February 2014, after the expiration of the temporary lease, Respondent H. Randolph Haldi—an employee of the County—delivered a new non-negotiable, six-month temporary lease to Skydive. Haldi also delivered to Skydive a seventy-two hour eviction notice in the event Skydive declined to execute the temporary lease. Skydive alleged this "amounted to a retaliatory eviction notice." Skydive then filed this lawsuit against Respondents and the governmental entities.

In the Rule 12(b)(6) motion, Respondents argued they were entitled to dismissal pursuant to subsection 15-78-70(a) of the South Carolina Tort Claims Act, which affords immunity to employees of governmental entities for actions taken in their

---

dismissed "with prejudice" without granting leave to amend, in determining whether to remand to permit the plaintiff to amend. *Spence v. Spence*, 368 S.C. 106, 130, 628 S.E.2d 869, 881-82 (2006).

official capacities.[4]  The allegations recited above do not reveal any actions taken by the individual Respondents outside of their official capacities.  Respondents relied on paragraph 8 of Skydive's complaint, which was reincorporated into each cause of action and provided, "At all relevant times [Respondents] were acting as agents of Defendants County and [the Department]."

The circuit court agreed and granted the motion.  The court characterized paragraph 8 of Skydive's complaint as "an unequivocal allegation" that Respondents—if they acted at all—were doing so on behalf of the governmental entities within the scope of their official duties.  Therefore, the court found Respondents were entitled to immunity under the Tort Claims Act and dismissed Respondents from Skydive's action.

The question before us is not whether the circuit court was correct the original complaint failed to refute Respondents' immunity defense.  Rather, the question is whether the circuit court's error in refusing to allow Skydive to amend the complaint warrants a remand.  As we will explain below in our discussion of *Spence*, we must remand unless we find any amendment would be clearly futile.  As we will explain now, a close examination of the record indicates allowing Skydive to amend the complaint in an attempt to fix its pleading deficiencies would not be futile.

Determining whether an amendment to Skydive's complaint would be futile requires us to consider the exceptions to immunity set forth in subsection 15-78-70(b).  Skydive contends Respondents conspired to remove Skydive from the airport and engaged in conduct "designed to ruin or damage" Skydive's business.  In furtherance of the conspiracy, Skydive contends Respondents refused to answer Skydive's correspondence, refused to refuel Skydive's aircraft, concealed Skydive's packages and mail, entered into Skydive's place of business without authorization, and interfered with Skydive's day-to-day operations.  To prove civil conspiracy, a plaintiff must prove the defendant acted "for the purpose of injuring the plaintiff." *City of Hartsville v. S.C. Mun. Ins. & Risk Fin. Fund*, 382 S.C. 535, 546, 677 S.E.2d

---

[4] Under the Tort Claims Act, "[a]n employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except as expressly provided for in subsection (b)."  S.C. Code Ann. § 15-78-70(a) (2005).  Subsection (b) provides exceptions to this immunity "if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude."  S.C. Code Ann. § 15-78-70(b) (2005).

574, 579 (2009).  These allegations appear to satisfy the "intent to harm" exception.  § 15-78-70(b).

Skydive claims Jackson defamed Skydive by communicating to other tenant businesses "false statements that were intended to impeach the honesty, integrity, virtue, or reputation" of Skydive.  Jackson allegedly "published these statements with actual or implied malice" in an attempt "to injure [Skydive] in its office, business, or occupation," thereby exposing Skydive "to public hatred, contempt, [and] ridicule."  Skydive further claims Apone and Jackson fraudulently misrepresented the county approval process for Skydive to obtain a long-term lease, which "caused . . . injury to [Skydive's] business interests . . . [and] its ability to lawfully operate."  These allegations appear to satisfy the "actual fraud" or "actual malice" exceptions.  *Id.*

The record on appeal also includes claims that Respondents acted outside the scope of their employment at times.  Specifically, Skydive alleges Haldi and Apone,

> [I]n their individual capacities and . . . acting outside the course and scope of their employment created a plan to deprive [Skydive] of its existing long-term lease by refusing to provide a copy of the fully-executed lease to [Skydive], issuing an adhesion temporary permit under threat of eviction, and accusing [Skydive] of unpublished and non-existent rule, regulation, and ordinance violations amounting to a plan to illegally shut down and permanently remove [Skydive] from [the airport].

Skydive further alleges Haldi, Apone, Jackson, and Teal (an employee of the Department),

> [I]n their individual capacities and all acting outside the course and scope of their employment continued a plan to deprive [Skydive] of its business lease by drafting, presenting and having Illegal Regulations enacted by the County Council, reporting violations of the Illegal Regulations to FAA as grounds for federal violations, harassing [Skydive's] customers, and interfering with its customers.

In other instances, Skydive claims Respondents acted in the scope of employment but outside the scope of their official duties. For example, Skydive claims Respondents acted "under cloak of state authority" to carry out "malicious actions." Respondents' "duties" certainly did not include acting with malice toward the lessees of the Department. Further, by alleging Respondents conspired to remove Skydive's business from the airport, defamed Skydive's business, and fraudulently misrepresented the county lease approval process, Skydive suggests Respondents were acting against the interests of their employers, which certainly would be outside of their official duties.

A governmental employee is not afforded immunity under the Tort Claims Act for conduct outside the scope of his official duties, or for conduct that amounts to actual fraud, actual malice, or an intent to harm. § 15-78-70(b). Therefore, although Skydive alleged in its complaint that Respondents were acting as agents of the governmental entities, the facts and claims recited above set forth several plausible grounds upon which Skydive could successfully allege Respondents are not entitled to immunity. It is not our role to determine whether the allegations Skydive might make in an amended pleading will state a valid claim. However, we cannot definitively say it is impossible for Skydive to plead a valid claim against Respondents.

We now address two points the court of appeals listed as additional bases for affirming the circuit court's dismissal with prejudice without leave to amend. First, the court of appeals stated, "We agree with the circuit court that it would be inequitable to allow Skydive to assert conflicting theories that the individual defendants acted both inside and outside the scope of their official duties." *Skydive*, Op. No. 2017-UP-118 at 2. Neither the circuit court nor the court of appeals cited any provision of law that supports either dismissing a complaint or refusing to allow its amendment on the basis that the pleading is unfair or inequitable. We are not aware of any provision of law that prevents a party from making "inequitable" allegations. *But see* Rule 12(f), SCRCP (providing "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter").

We find it is entirely appropriate for Skydive to allege that some of an individual's actions were within the scope of their official duties, and some were not, or even to plead alternative theories of liability depending on whether an individual's actions were within the scope of their duties. *See* Rule 8(a), SCRCP ("Relief in the alternative or of several different types may be demanded."). Pleading alternative theories of recovery based on the uncertainty of whether an employee acted within

the scope of his employment or his official duties is common. *See, e.g., Dickert v. Metro. Life Ins. Co.*, 311 S.C. 218, 220, 428 S.E.2d 700, 701 (1993), *as modified on reh'g* (Apr. 7, 1993) (reversing the circuit court for not permitting simultaneous causes of action against co-worker and employer based on the same conduct, stating, "Co-Employee may . . . be held individually liable for an intentional tort he may have committed while acting within the scope of employment"). While *Dickert* is out of context from this case, other courts have addressed similar alternative theories of recovery. In *United Technologies Corp. v. Mazer*, 556 F.3d 1260 (11th Cir. 2009), for example, the district court granted a motion to dismiss for failure to state a claim. 556 F.3d at 1266. "The district court was . . . disturbed by [the plaintiff's] allegation that Mazer acted both personally and on behalf of [his employer][5] West–Hem, which the court found to be irreconcilably inconsistent." 556 F.3d at 1273. The Eleventh Circuit dismissed the district court's concern,

> [W]e are not troubled by what the district court saw as inconsistent allegations. Rule 8(d) of the Federal Rules of Civil Procedure[6] expressly permits the pleading of both alternative and inconsistent claims. Thus, [the] complaint is not subject to dismissal simply because it alleges that both Mazer, individually, and West–Hem committed the tortious conduct, even if it would be impossible for both to be simultaneously liable (which question of impossibility we need not, and do not, resolve).

556 F.3d at 1273-74. *See also Johnson v. State Dep't of Health & Rehab. Servs.*, 695 So. 2d 927, 930 (Fla. Dist. Ct. App. 1997) (in a tort claims case under a similar immunity provision, stating, "Johnson can therefore make claims against [the governmental entities] for acts of [their employees] committed within the scope of their employment and, in the alternative, pursue personal liability of these defendants").

Finally, we address the court of appeals' statement, "The circuit court did not abuse its discretion in dismissing the complaint with prejudice," relying on our decision in *Spence v. Spence*, 368 S.C. 106, 628 S.E.2d 869 (2006). In this case and others, the

---

[5] "Mazer . . . is president and part owner of West–Hem . . . ." 556 F.3d at 1267.

[6] Rule 8(d), Fed. R. Civ. P., is the federal counterpart to our Rule 8(a) "alternative" relief provision.

court of appeals misinterpreted *Spence*. A circuit court does not have "discretion" to dismiss a complaint with prejudice for failure to state a claim under Rule 12(b)(6) without at least considering whether to allow leave to amend under Rule 15(a). Under Rules 12(b)(6) and 15(a), the circuit court may not dismiss a claim with prejudice unless the plaintiff is given a meaningful chance to amend the complaint, and after considering the amended pleading, the court is certain there is no set of facts upon which relief can be granted. As we will explain, *Spence* supports this principle.

In *Spence*, we made several observations about the dismissal of claims pursuant to Rule 12(b)(6). We stated, "When a complaint is dismissed under Rule 12(b)(6) for failure to state facts sufficient to constitute a cause of action, the dismissal generally is without prejudice. The plaintiff in most cases should be given an opportunity to file and serve an amended complaint." 368 S.C. at 129, 628 S.E.2d at 881. We then cited numerous decisions—including *Foman* and *Dockside Association*—in which the court held (1) the plaintiff should be given an opportunity to amend a complaint dismissed under Rule 12(b)(6), or (2) the trial court should not refuse the amendment on the ground of futility unless the amendment would be clearly futile. 368 S.C. at 129-31, 628 S.E.2d at 881-82. Two of the cases we cited stand out as particularly important. First, we cited *Arkansas Department of Environmental Quality v. Brighton Corp.*, 102 S.W.3d 458, 468 (Ark. 2003), for the proposition that a "complaint dismissed for failure to state facts upon which relief can be granted should be dismissed without prejudice in order for plaintiff to decide whether to serve [an] amended complaint." *Spence*, 368 S.C. at 129, 628 S.E.2d at 881.[7] Second, we cited *Giuliani v. Chuck*, 620 P.2d 733, 737 (Haw. Ct. App. 1980), for the proposition that a "complaint is not subject to dismissal with prejudice unless it appears *to a certainty* that no relief can be granted under any set of facts that can be proved in support of its allegations." *Spence*, 368 S.C. at 129, 628 S.E.2d at 881 (emphasis added).

In *Spence*, therefore, the circuit court erred by dismissing the complaint with prejudice without granting leave to amend. *See* 368 S.C. at 130, 628 S.E.2d at 882 (explaining *Spence* falls in a category of cases where "a complaint is dismissed with prejudice and the plaintiff erroneously is denied the opportunity to file and serve an

---

[7] We also cited *Thacker v. Bartlett*, 785 N.E.2d 621, 624 (Ind. Ct. App. 2003), for the proposition that "dismissal for failure to state a claim is without prejudice because the complaining party may either file an amended complaint or stand upon complaint and appeal." *Spence*, 368 S.C. at 129, 628 S.E.2d at 881.

amended complaint"). The bulk of the majority's discussion, however, focused on whether the circuit court committed a different error—finding the complaint failed to state a valid claim under Rule 12(b)(6). *See* 368 S.C. at 117-27, 628 S.E.2d at 874-80 (the Court's majority explaining the circuit court did not err in finding no valid claim was pled). In a divided opinion with two Justices dissenting, this Court upheld the circuit court's Rule 12(b)(6) ruling. *See id.*; 368 S.C. at 131-32, 628 S.E.2d at 882-83 (Toal, C.J., dissenting); 368 S.C. at 132-33, 628 S.E.2d at 883 (Pleicones, J., dissenting).

After its lengthy discussion of the Rule 12(b)(6) question, the majority turned to the "[the plaintiff's] conten[tion] the circuit court erred in denying her motion to amend the complaint," 368 S.C. at 128, 628 S.E.2d at 880, or—in light of the circuit court's error in refusing leave to amend—whether we should remand to allow leave to amend. We explained, "An appellate court should [find the dismissal is without prejudice] when the plaintiff presents additional factual allegations or a different theory of recovery which, taken as true in a well-pleaded complaint, may state a claim upon which relief may be granted." 368 S.C. at 130, 628 S.E.2d at 881-82. In other words, we held an appellate court must find the dismissal was without prejudice and remand for the filing of an amended complaint unless the court concludes any amendment would be clearly futile.

The majority then considered the question of futility. 368 S.C. at 131, 628 S.E.2d at 882. The majority noted the circuit court granted the Rule 12(b)(6) motion because the complaint gave "rise to no reasonable interpretation other than that the [new landowners] were bona fide purchasers for value." 368 S.C. at 116, 628 S.E.2d at 874. The majority found a remand was not required because it determined no matter how the chain of title could be alleged, the new landowner was always going to be immune from liability as a bona fide purchaser. 368 S.C. at 122, 131, 628 S.E.2d at 877, 882. The majority stated the plaintiff "failed to present any additional factual allegations or a different theory of recovery which may give rise to a cause of action upon which relief may be granted against" the new landowner. 368 S.C. at 131, 628 S.E.2d at 882. Any amendment to the complaint in *Spence*, according to the majority, was clearly futile.[8]

---

[8] Likewise, in *Health Promotion Specialists, LLC v. South Carolina Board of Dentistry*, 403 S.C. 623, 743 S.E.2d 808 (2013), this Court concluded the circuit court did not abuse its discretion in denying a party's motion to amend because the "seven-year" "delay in moving to amend the Complaint was inexplicable." 403 S.C. at 632, 743 S.E.2d at 813. This Court went on, however, to consider whether the proposed amendment would have been futile. 403 S.C. at 632-33, 743 S.E.2d at

In the course of explaining our decision, however, we made a comment that has been misunderstood, and on which the court of appeals erroneously relied in this case and others.[9] We stated,

> On the other hand, when a complaint is dismissed with prejudice and the plaintiff erroneously is denied the opportunity to file and serve an amended complaint, but the plaintiff fails to present additional factual allegations or a different theory of recovery which may give rise to a claim upon which relief may be granted, the appellate court may in its discretion affirm the dismissal of the complaint with prejudice.

368 S.C. at 130-31, 628 S.E.2d at 882. The statement must be considered in the context of two points we already made, "When a complaint is dismissed under Rule 12(b)(6) . . . , the dismissal generally is without prejudice," and, "The plaintiff in most cases should be given an opportunity to file and serve an amended complaint." 368 S.C. at 129, 628 S.E.2d at 881. We made the statement in the context of our discussion of futility, after explaining that if the proposed amendment is not clearly futile, the case must be remanded. The quoted statement makes the contrary point, that if the court of appeals determines an amendment is clearly futile, instead of remanding, it "may in its discretion affirm the dismissal of the complaint with prejudice."

In this case, we cannot definitively say it would be impossible for Skydive to succeed with an amended pleading. Allowing leave to amend the complaint, therefore, was

---

812-13. We stated "extensive discovery had been conducted" in a similar case involving the same parties, "there were no significant factual developments that warranted the untimely amendment," and "even if the amendment had been permitted, it would not have affected the grant of summary judgment to the [defendant]." 403 S.C. at 632, 743 S.E.2d at 812-13. The proposed amendment, therefore, was clearly futile because the defendant would have been entitled to judgment as a matter of law even with the amendment.

[9] *See, e.g.*, *Paradis v. Charleston Cty. Sch. Dist.*, 424 S.C. 603, 616 n.3, 819 S.E.2d 147, 154 n.3 (Ct. App. 2018) (refusing to remand for precisely the wrong reason, that the court of appeals was "unable to determine whether the circuit court abused its discretion in denying her request to amend," relying on a grant of "discretion" from *Spence*), *reh'g denied* (Oct. 18, 2018).

not clearly futile.  The circuit court should not have denied—and we will not deny—Skydive the opportunity to amend its complaint.

## IV.    Conclusion

The circuit court should have allowed Skydive an opportunity to amend its complaint pursuant to Rule 15(a).  We **REVERSE** the court of appeals and **REMAND** this case to the circuit court.

**BEATTY, C.J., and JAMES, J., concur.  KITTREDGE, J., concurring in result only.  HEARN, J., dissenting in a separate opinion.**

**JUSTICE HEARN:** I respectfully dissent because I believe Skydive failed to preserve the issue of whether it should be allowed to file an amended complaint.

While Rule 15(a), SCRCP (which is substantially the same as its federal counterpart) requires courts to freely grant leave to amend a complaint when justice so requires, I do not believe Skydive properly invoked it in this case. Skydive never requested leave to amend before or during the hearing on Respondents' motion to dismiss. Instead, in cover letters accompanying proposed orders, Skydive requested leave to amend its complaint if the court dismissed it in full. Skydive did not include any details about how it would so amend, nor did it attach a proposed amended complaint.[10] Accordingly, I would not criticize the circuit court judge for "failing to even consider allowing Skydive to amend its complaint" when Skydive arguably failed to request to do so in a sufficient manner.[11]

The circuit court never mentioned or specifically ruled on any request for leave to amend in its written order. Indeed, it is entirely possible the court was never even aware of the request given its informal, limited nature. In my view, this situation presented a classic case warranting a Rule 59(e) motion, not only to bring the omission to the attention of the circuit court judge, but also to preserve the issue for appeal. "A party *may* wish to file such a motion when she believes the court has misunderstood, failed to fully consider, or perhaps failed to rule on an argument or issue, and the party wishes for the court to reconsider or rule on it. A party *must* file such a motion when an issue or argument has been raised, but not

---

[10] However, an amended complaint dated approximately one year after the correspondence appeared in the record on appeal, despite never having been submitted to the trial court. Pursuant to Rule 210(c), SCACR, the amended complaint—upon which the majority bases a portion of its futility analysis—should not have been included in the record.

[11] *See Beydoun v. Sessions*, 871 F.3d 459 (6th Cir. 2017) (district court did not abuse its discretion in denying leave to amend where plaintiff made an oral motion to amend if the court was inclined to grant defendants' motion to dismiss and did not indicate particular grounds upon which he sought to amend); *German v. Campbell Co. School Dist. No. 1*, 630 F.3d 977 (10th Cir. 2010) (trial court properly denied leave to amend where plaintiff, in her opposition to a motion to dismiss, suggested she should be allowed to amend if her pleadings were found to be infirm); *In re 2007 Novastar Financial, Inc., Securities Litigation*, 579 F.3d 878 (8th Cir. 2009) (same).

ruled on, in order to preserve it for appellate review." *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004). Skydive filed no such motion here and thereby failed to "try to convince the lower court it has ruled wrongly" before arguing to the appellate court to reverse. *I'on, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000).

To be clear, I would not require a party to submit a proposed amended complaint with each request to amend. But here, where Skydive merely included its request in a cover letter to a proposed order after the hearing and then failed to file a Rule 59(e) motion when the court did not rule on it in its order, I believe Skydive failed to preserve the issue on appeal.

Moreover, I do not believe the court of appeals abused its discretion by declining to modify the dismissal to one without prejudice pursuant to *Spence v. Spence*, 368 S.C. 106, 628 S.E.2d 869 (2006). In *Spence*, the plaintiff filed a Rule 59(e) motion seeking leave to serve an amended complaint rather than dismissal with prejudice. Nothing in *Spence* displaced our longstanding rules of preservation. As a result, I would affirm the appellate court's determination that Skydive is not entitled to file an amended complaint.