**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Sierra Doherty, Appellant,

v.

Coastal Carolina University, Respondent.

Appellate Case No. 2021-000356

———————

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-074
Submitted December 7, 2022 – Filed March 1, 2023

———————

**REVERSED AND REMANDED**

———————

Patrick James McLaughlin, of Wukela Law Office, of Florence, for Appellant.

Brown W. Johnson and Joseph P. McLean, both of Clarke Johnson Peterson & McLean, PA, of Florence, for Respondent.

———————

**PER CURIAM:** Sierra Doherty appeals the circuit court's dismissal of her personal injury action against Coastal Carolina University (CCU) pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure (SCRCP). On appeal, Doherty argues the circuit court erred in dismissing her case because (1) material

questions of fact existed for a jury to consider whether CCU had committed an affirmative act proximately causing her injury; (2) the circuit court failed to apply the gross negligence standard of section 15-78-60(25) of the South Carolina Tort Claims Act (2005) (the Act), to the ice exception of section 15-78-60(8) of the Act (2005); (3) the circuit court failed to consider material outside of the pleadings; and (4) the circuit court failed to allow Doherty to amend her complaint. We reverse and remand.

We hold the circuit court erred in failing to allow Doherty to amend her complaint. *See Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint."); *id.* ("If the facts alleged and inferences reasonably deducible therefrom, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then dismissal under Rule 12(b)(6) is improper."); *Skydive Myrtle Beach, Inc. v. Horry Cnty.*, 426 S.C. 175, 179, 826 S.E.2d 585, 587 (2019) ("When a trial court finds a complaint fails 'to state facts sufficient to constitute a cause of action' under Rule 12(b)(6), the court should give the plaintiff an opportunity to amend the complaint pursuant to Rule 15(a)[, SCRCP before filing the final order of dismissal."); *id.* at 189, 826 S.E.2d at 592 ("Under Rules 12(b)(6) and 15(a)[, SCRCP], the circuit court may not dismiss a claim with prejudice unless the plaintiff is given a meaningful chance to amend the complaint, and after considering the amended pleading, the court is certain there is no set of facts upon which relief can be granted."); *id.* at 182, 826 S.E.2d at 589 ("A court's decision to deny a motion to amend should not be based on the court's perception of the merits of an amended complaint."). Accordingly, we reverse the circuit court's dismissal of Doherty's action.[1]

**REVERSED AND REMANDED.**[2]

**WILLIAMS, C.J., and MCDONALD and HILL, JJ., concur.**

---

[1] Because this issue is dispositive, we need not reach Doherty's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.