**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Evolve Softworks, LLC, Appellant,

v.

Anthony Burkett, Respondent.

Appellate Case No. 2020-001068

———————————

Appeal From York County
Daniel D. Hall, Circuit Court Judge

———————————

Unpublished Opinion No. 2023-UP-251
Heard May 11, 2023 – Filed June 21, 2023

———————————

**REVERSED AND REMANDED**

———————————

Carmen Vaughn Ganjehsani, of Richardson Plowden & Robinson, PA, of Columbia; William S.F. Freeman, of Freeman & Freeman, LLC, of Greenville; and Francesca Macchiaverna, of Hunter Maclean Exley & Dunn, PC, of Savannah, Georgia, all for Appellant.

Kenneth Ray Raynor, of Raynor Law Firm, PLLC, of Charlotte, North Carolina, for Respondent.

———————————

**PER CURIAM:** Evolve Softworks, LLC ("Evolve") appeals the circuit court's dismissal of its action for breach of a guaranty agreement against Anthony

Burkett.  On appeal, Evolve argues (1) the complaint's allegations indicate the statute of limitations had not expired; (2) the complaint's allegations indicate the guaranty was supported by sufficient consideration; and (3) the circuit court erred in refusing to allow Evolve the opportunity to amend its complaint.  We reverse and remand.

We hold the circuit court erred in failing to allow Evolve to amend its complaint. *See Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint."); *id.* ("If the facts alleged and inferences reasonably deducible therefrom, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then dismissal under Rule 12(b)(6)[, SCRCP] is improper."); *Skydive Myrtle Beach, Inc. v. Horry County*, 426 S.C. 175, 179, 826 S.E.2d 585, 587 (2019) ("When a trial court finds a complaint fails 'to state facts sufficient to constitute a cause of action' under Rule 12(b)(6), the court should give the plaintiff an opportunity to amend the complaint pursuant to Rule 15(a)[, SCRCP] before filing the final order of dismissal."); *id.* at 189, 826 S.E.2d at 592 ("Under Rules 12(b)(6) and 15(a), the circuit court may not dismiss a claim with prejudice unless the plaintiff is given a meaningful chance to amend the complaint, and after considering the amended pleading, the court is certain there is no set of facts upon which relief can be granted."); *id.* at 182, 826 S.E.2d at 589 ("A court's decision to deny a motion to amend should not be based on the court's perception of the merits of an amended complaint.").  Accordingly, we reverse the circuit court's dismissal of Evolve's action and remand to the circuit court for further proceedings.[1]

**REVERSED AND REMANDED.**

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[1] Because this issue is dispositive, we need not reach Evolve's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).