**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Kennedy, Appellant,

v.

City of Myrtle Beach Police Department, and Amy Prock, Angela Kegler, and John Pedersen (In their Individual Capacities), Respondents.

Appellate Case No. 2019-001556

———

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———

Unpublished Opinion No. 2023-UP-278
Heard March 16, 2023 – Filed August 2, 2023

———

**REVERSED AND REMANDED**

———

Donald Gist, of Gist Law Firm, PA, and Imani Nicole Newborn, of Boykin & Davis, LLC, both of Columbia, for Appellant.

Dirk L. Aydlette, III, and T. Foster Haselden, both of Gignilliat Savitz & Bettis, LLP, of Columbia, for Respondents.

———

**PER CURIAM:** In this employment matter, John Kennedy argues the circuit court erroneously dismissed his complaint against the City of Myrtle Beach Police Department (MBPD), Amy Prock, Angela Kegler, and John Pedersen (collectively, Respondents) at the pleading stage. Kennedy contends the circuit court erred in finding his status as an at-will employee or at-will public official barred his contract and civil conspiracy claims. As Kennedy was not given the opportunity to amend required by *Skydive Myrtle Beach, Inc. v. Horry County*, 426 S.C. 175, 826 S.E.2d 585 (2019), we reverse and remand.[1]

---

[1] It is also unclear whether a proper hearing on the motion to dismiss ever occurred. Although Respondents reference a hearing in their statement of the case, there is no hearing transcript in the record on appeal. Respondents assert that as to Kennedy's initial motion to reconsider a 2018 "without prejudice" dismissal of his complaint, "Judge Culbertson granted that motion and ordered a *de novo* hearing of Respondents' motion [to dismiss] because Kennedy's counsel was not present for the July 31, 2018 hearing." Yet, as Kennedy notes, on "August 1, 2018, Oral Arguments on [Respondents'] Motion to Dismiss were heard before [the circuit court]. Although the hearing took place, [Kennedy 's] counsel was not present at the hearing, [was not] aware of the hearing[,] and did not get proper notice that the hearing was to take place." The circuit court dismissed the case by Form 4 order dated July 31. While it appears the Horry County Clerk published a motions roster on July 6, there is nothing in the record to suggest notice of this roster was communicated to Kennedy or his counsel. In fact, the circuit court noted in a subsequent October 4, 2018 Form 4 order that "the defendant (sic) does not address the plaintiff's lack of notice of the motion hearing but, rather, reargues the grounds supporting his motion as he did at the motion hearing on *8/1/2018*." (emphasis added). In this form order, the circuit court found "the ends of justice would be better served by rescheduling the defendant's Motion to Dismiss for another hearing, de novo." But the only reference to a subsequent hearing is found in the circuit court's April 25, 2019 "with prejudice" dismissal order, which states, "The motion came before the court on April 23, 2019. Defense counsel was present. Additionally both sides briefed the court on the relevant issues." In correspondence with this court addressing the need to order the transcript, Kennedy's counsel explained, "As this case was decided without any oral arguments, there was no transcript in the case." None of the parties' designations of matter reference a transcript—or other document that might show notice of the circuit court hearing was properly given.

**Facts and Procedural History**

Kennedy began his employment with MBPD in 1980 and became a full-time employee in 1982. He served with distinction until he retired in early 2008. The City rehired him in June 2008 as a lieutenant with MBPD's Office of Professional Standards. He was promoted to captain for the Office of Support Services Division in January 2014.

On May 25, 2017, Chief of Police Warren Gall retired. Thereafter, Respondent Amy Prock, then assistant chief of police, was promoted to interim chief.[2] Prock was sworn in as chief of police on July 3, 2017.

Around this time, Kennedy became aware of an internal job posting for assistant chief, with applications open only to captains within MBPD. Shortly after Kennedy completed the employment application, MBPD's administrative services division contacted Kennedy to schedule an interview, but on the morning of the interview, Prock told Kennedy there was no reason for him to interview for the position because Prock and Pedersen wanted to bring in "newer employees." She also informed Kennedy that his employment with MBPD would be ending. Prock directed Kennedy to contact Angela Kegler, director of MBPD's human resources department, regarding his termination. At a meeting with Kegler later that morning, Kennedy refused to sign paperwork confirming his employment would end on July 31, 2017.

Kennedy met with Kegler again three days later, and informed her that Prock's actions constituted age-based discrimination. Shortly after this July 17 conversation, Kennedy was notified by email that his registration for a previously scheduled City-sponsored event in Washington, D.C. had been cancelled. Kennedy immediately called Kegler and informed her that MBPD's actions in cancelling his registration constituted retaliation for his age-based discrimination complaint. Kegler stated she would look into the matter but that she, Pedersen, Chief Prock, and the City attorney were already aware of the situation, and she had been advised not to discuss it further with Kennedy. On July 18, Pedersen informed Kennedy that his final day of employment would be July 31, 2017. When Kennedy inquired about the loss of his accrued compensatory (comp) time, Pedersen told Kennedy he could use his comp time until his termination date.

---

[2] Shortly after her promotion to interim chief, Prock and City Manager John Pedersen changed the qualifications for promotion to captain by eliminating the requirement that MBPD captains have a college degree.

Later that day, while attending a MBPD approved meeting in Columbia, Kennedy discovered he was unable to access his MBPD email. The following day, Captain Marty Brown informed Kennedy that he was locked out of all MBPD systems as well as the MBPD building, and that, if needed, Kennedy should contact Brown to gain access to the building. From that day forward, Kennedy remained out of work on comp time, as authorized by Pedersen, until his termination date.[3]

Kennedy filed an internal grievance in accordance with MBPD's policies and procedures. However, MBPD refused to conduct a grievance hearing. Thereafter, Kennedy filed the summons and complaint in this litigation. Respondents answered and later moved to dismiss. The parties participated in limited written discovery until the circuit court granted Respondents' motion to dismiss. On May 2, 2019, Kennedy filed a motion to reconsider or, in the alternative, to amend his complaint under Rule 15, SCRCP. After the circuit court denied Kennedy's motion to reconsider by Form 4 order dated July 15, 2019, Kennedy timely appealed.

**Law and Analysis**

An appellate court applies the same standard as the trial court when reviewing the dismissal of an action pursuant to Rule 12(b)(6) or Rule 12(c), SCRCP. *See*, *e.g.*, *HHHunt Corp. v. Town of Lexington*, 389 S.C. 623, 631–32, 699 S.E.2d 699, 703 (Ct. App. 2010) ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint."); *Pope v. Wilson*, 427 S.C. 377, 384, 831 S.E.2d 442, 445–46 (Ct. App. 2019) ("In evaluating a Rule 12(c) motion, the court must consider that 'a complaint is sufficient if it states any cause of action or it appears that the plaintiff is entitled to any relief whatsoever.'" (quoting *Falk v. Sadler*, 341 S.C. 281, 287, 533 S.E.2d 350, 353 (Ct. App. 2000))).

Our supreme court's decision in *Skydive* is determinative here. There, the supreme court emphasized the gravity of dismissing a case with prejudice at the pleading stage. *See Skydive*, 426 S.C. at 181, 826 S.E.2d at 588 ("[T]he circuit court's 'with prejudice' order put Skydive in a difficult position because it made Skydive practically unable to litigate a motion to amend before it must file the appeal."). The court explained that after a motion to dismiss is granted, "any plaintiff

---

[3] Kennedy claims he was subsequently replaced as captain by Kegler's boyfriend, Joseph Crosby, who is less qualified and does not have a college degree.

is . . . entitled to accept the court's ruling the original complaint was deficient, and replead in an attempt to fix the deficiency."  *Id.*

We need not decide at this stage whether Kennedy's causes of action for breach of contract and civil conspiracy will survive a properly supported dispositive motion. The circuit court's dismissal prevented him from pursuing the novel theories set forth in his complaint as well as his claim that Respondents ignored MBPD's own established grievance procedure in summarily terminating him for ultra vires or impermissible age-related reasons related to an effort to bring in "newer employees."  The dismissal likewise prevented Kennedy from conducting discovery related to his claim that Kegler, with the assistance of Prock and Pedersen, acted for personal reasons beyond the scope of her employment in connection with Kennedy's termination, including but not limited to preventing Kennedy from pursuing his grievance before the independent review panel. Kennedy alleges the individual defendants acted with actual malice in lowering the qualifications for promotion to captain after granting him an interview for the assistant chief position, obstructing his ability to carry through with the scheduled interview, terminating his employment, denying him the required grievance hearing, and hiring Crosby for the position of captain when Crosby was considerably less qualified than Kennedy.

Pursuant to *Skydive*,[4] we find the circuit court erred in dismissing Kennedy's complaint with prejudice prior to giving him an opportunity to amend.  On remand, the circuit court should grant Kennedy leave to amend his pleading to clarify the theories under which he will proceed.  At that point, of course, any party may file the necessary responsive pleading and/or dispositive motion(s).

**REVERSED AND REMANDED.**

**WILLIAMS, C.J., and GEATHERS and MCDONALD, JJ., concur.**

---

[4] We note the supreme court's opinion in *Skydive* was issued after the circuit court's initial 2018 rulings in this matter.  Again, we express no opinion as to the merits of this action and seek only to act within *Skydive*'s instruction that a case not be hastily dismissed at the pleading stage without leave to amend and proper review.