**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Liam Wallis, Appellant,

v.

The Boeing Company, Anthony Timms, and Monica
Williams, Respondents.

Appellate Case No. 2021-001439

———————

Appeal From Charleston County
Perry M. Buckner, III, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-075
Heard October 8, 2024 – Filed February 26, 2025

———————

**AFFIRMED IN PART, VACATED IN PART**

———————

O. Grady Query, Michael W. Sautter, and McKenna
Catherine Joyce, of Query Sautter & Uricchio, LLC; and
Alexander Woods Tesoriero, of The Law Office of
Alexander Woods, LLC, all of Charleston, for Appellant.

Benjamin Philip Glass, of Ogletree Deakins Nash Smoak
& Stewart, PC, of Charleston, for Respondents.

———————

**PER CURIAM:** Liam Wallis appeals the circuit court's order granting The Boeing
Company's motion to dismiss his claim for wrongful termination in violation of

public policy. Wallis argues the circuit court erred because (1) the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century (AIR21), 49 U.S.C. § 42121 (2020)[1] does not provide a statutory remedy for his claims and (2) he properly pled the elements of a cause of action for wrongful termination in violation of public policy. We affirm in part and vacate in part.

1. The circuit court did not err in granting Boeing's motion to dismiss because Wallis had a statutory remedy under AIR21. *See* Rule 12(b)(6), SCRCP (providing for dismissal of a claim where the pleading fails "to state facts sufficient to constitute a cause of action"); § 42121(a)(1) (prohibiting the termination of an employee who "provided, caused to be provided, or is about to provide (with any knowledge of the employer) or cause to be provided to the employer or Federal Government information relating to any violation or alleged violation of any order, regulation, or standard of the Federal Aviation Administration or any other provision of Federal law relating to aviation safety under this subtitle or any other law of the United States"); *Bombardier, Inc. v. United States Dep't of Lab.*, 145 F. Supp. 3d 21, 25 (D.D.C. 2015) (stating AIR21 "creates a detailed administrative regime to protect whistleblowers who inform their employers or the federal government about violations of federal laws relating to air carrier safety").

Wallis's amended complaint alleges Boeing engaged in a number of acts that caused him to be concerned about the safety of aircrafts being manufactured. These acts alleged included "goldplating," which is an industry term for the repeating of testing but then falsely recording the testing as successful on the first attempt; knowingly using out-of-date engineering specifications; and submitting purportedly compliant aircraft containing undocumented repairs and repairs signed off on by uncertified technicians. Although the amended complaint does not specifically reference FAA regulations or other provisions of federal law, the safety concerns expressed by Wallis align with FAA regulations such that a statutory remedy is available under AIR21; the availability of this statutory remedy bars the application of the public policy exception to South Carolina's prohibition of wrongful termination claims by at-will employees. *See Taghivand v. Rite Aid Corp.*, 411 S.C. 240, 243, 768 S.E.2d 385, 386 (2015) ("South Carolina has a strong policy favoring at-will employment."); *Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 225, 337 S.E.2d 213, 216 (1985) ("[A] cause of action for wrongful discharge of an at-will employee shall exist only where the alleged

---

[1] AIR21 was recently amended by the Federal Aviation Administration (FAA) Reauthorization Act of 2024, Pub. L. No. 118-63, 138 Stat. 1025, 1139. However, the portions of AIR21 relevant to this opinion were not affected.

retaliatory discharge constitutes a clear violation of a mandate of public policy."); *Barron v. Lab. Finders of S.C.*, 393 S.C. 609, 615, 713 S.E.2d 634, 637 (2011) ("The public policy exception does not, however, extend to situations where the employee has an existing statutory remedy for wrongful termination.").

We note South Carolina district courts have dismissed similar claims for wrongful termination in violation of public policy after finding former Boeing employees had a statutory remedy under AIR21. *See Dixon v. Boeing Co.*, No. 2:20-CV-01356-BHH-MGB, 2020 WL 9211161, at *3 (D.S.C. May 11, 2020), *adopted*, No. 2:20-CV-1356-BHH, 2021 WL 837479 (D.S.C. Mar. 5, 2021) (dismissing wrongful termination claim because "complaints about safety and quality standards clearly fall into the category of 'information relating to any violation or alleged violation of any order, regulation, or standard of the [FAA] or any other provision of Federal law relating to air carrier safety'"); *Lugo v. Boeing Co.*, No. 2:19-CV-2995-RMG, 2020 WL 495336, at *3 (D.S.C. Jan. 30, 2020) (dismissing wrongful termination claim brought by former flight-line readiness technician inspector raising "safety complaints regarding lighting, failure [to conduct] more stringent walk throughs, [and] tool accountability"); *Hobek v. Boeing Co.*, No. 2:16-CV-3840-RMG-MGB, 2017 WL 9250342, at *1 (D.S.C. June 8, 2017), *adopted*, No. 2:16-CV-3840-RMG, 2017 WL 3085856 (D.S.C. July 20, 2017) (dismissing claim of former quality manager who asserted he was wrongfully terminated for reporting what he believed to be serious quality and safety concerns to his supervisors and later to company ethics department).

2. We vacate the second part of the circuit court's finding that "Plaintiff has an existing statutory remedy under AIR21 and his termination did not contravene a clear mandate of public policy." Although the circuit court properly dismissed Wallis's action due to the existing statutory remedy, the circuit court's broad statement that Wallis's "termination did not contravene a clear mandate of public policy" was erroneous at the 12(b)(6) stage. *See Skydive Myrtle Beach, Inc. v. Horry County*, 426 S.C. 175, 180, 826 S.E.2d 585, 587 (2019) ("Rule 12(b)(6) permits the trial court to address the sufficiency of a pleading stating a claim; it is not a vehicle for addressing the underlying merits of the claim."); *id.* ("At the Rule 12 stage, therefore, the first decision for the trial court is to decide only whether the pleading states a claim.").[2]

---

[2] Because our prior findings are dispositive, we need not further consider Wallis's argument that he properly pled the elements of his wrongful termination claim. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518

**AFFIRMED IN PART, VACATED IN PART.**

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

S.E.2d 591, 598 (1999) (explaining an appellate court need not address remaining issues when its resolution of a prior issue is dispositive of the appeal).