**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Horry-Georgetown Technical College, Appellant,

v.

Claycon Pharma Conway RE, LLC, Pathway Treatment Center, LLC, Pathway Clinic, LLC, and City of Conway, Respondents.

Appellate Case No. 2024-000871

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2025-UP-222
Heard April 17, 2025 – Filed July 2, 2025

**VACATED AND REMANDED**

Kenneth Allen Davis, Tierney Felicia Goodwyn, and Charles J. Boykin, of Boykin & Davis, LLC, and Christopher Raymond Acre, of Speed, Seta, Martin, Trivett, Stubley & Fickling, all of Columbia, for Appellant.

Douglas Michael Zayicek, Robert S. Shelton, and Holly Michelle Lusk, all of Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A., of Myrtle Beach, for Respondent Claycon Pharma Conway RE, LLC.

David Richard Sligh, of Sligh Law Firm, P.A., of Conway, for Respondent City of Conway.

**PER CURIAM:**  Horry-Georgetown Technical College (HGTC) filed a complaint against Claycon Pharma Conway RE, Pathway Treatment Center, LLC, and Pathway Clinic, LLC (collectively, Claycon) for planning to operate an opioid treatment center (the Center) near its campus.  Section 5.1.32(B)(3)(b) of the City of Conway's Unified Development Ordinance (UDO) requires outpatient medical centers for opioid treatment to be at least 1,000 feet from an "education[al] facility" (the Ordinance).  The UDO further defines "educational facilities" as "[a]ny building or part thereof which is designed, constructed, or used for education or instruction in any branch of knowledge and meets state requirements for elementary and secondary education" in section 2.2.1.  Section 61-93.2624 of the South Carolina Code of Regulations (2025) requires opioid treatment centers to be at least 500 feet from a "secondary school" (the Regulation).  Claycon alleges the term "secondary school" should be defined by section 59-1-150 of the South Carolina Code (2020), which provides a "secondary school" is "either a junior high school or a high school" and defines "high school" as "contain[ing] grades no lower than the seventh and no higher than the twelfth."  Claycon filed a motion to dismiss, arguing HGTC is not an educational facility under the Ordinance or a secondary school under the Regulation because it is a college.  The circuit court agreed, finding (1) HGTC did not qualify as an educational facility or a secondary school and therefore, (2) HGTC did not have standing.

HGTC is a technical college located in Conway which has two campuses.  One campus is located at 2050 Highway 501 East (the Main Campus) and the other campus is located at 250 Allied Drive (the Allied Drive Campus).  HGTC provides a "dual enrollment" program that offers college-level classes to high school students from various high schools within Horry County School District (HCSD).  Additionally, it appears a high school, HCS Early College High (HCS), is located on HGTC's Main Campus, and HCS students allegedly take classes at the Allied Drive Campus.  Claycon intends to operate the Center in Conway at 1800 Husted Road.  In its complaint, HGTC alleged "[a]ll [p]roperty lines of the [Center] are less than 500 feet from the property line of" the Allied Drive Campus.  On appeal, Claycon alleges the Main Campus is one mile from the Center and the Allied Drive Campus is approximately 1,500 feet from the Center.

The circuit court held a hearing on Claycon's motion to dismiss, and Claycon

reasserted that the operation of the Center is not a violation of the Regulation or Ordinance. HGTC explained it was the "founder and operator of" HCS. However, it also indicated HCS operated under the HCSD school board. The circuit court stated it did not "know if [HCS wa]s a separate entity that is a secondary high school or not." It explained that it "suspect[ed]" "that this is not a separate high school, but it is a program within [HGTC] that allows high school students to come for educational courses." The court then stated "it may be" a separate high school, and it admitted "if [HCS] does exist," it did not know how that affected the case. The court orally dismissed HGTC's complaint with prejudice. HGTC asked the court if it had the right to amend, and the court replied that it was dismissing the complaint, without directly answering HGTC's question. The same day, the circuit court filed a Form 4 order granting Claycon's motion to dismiss. HGTC filed a motion to reconsider and a motion for leave to amend its complaint, arguing, among other things, it should be allowed to amend its complaint to "more definitively plead facts" regarding the existence of HCS.

The circuit court filed an order formalizing its decision to dismiss HGTC's complaint with prejudice. The order found HGTC was not a secondary school or educational facility and it did not have standing to bring this claim. The order did not determine whether HCS is a separate school or was founded and is operated by HGTC. Finally, in a footnote at the end of the order, the court denied HGTC's motion to amend. It acknowledged HGTC's "generic request" to amend its complaint but stated the motion had not offered "any proposed changes that would cure the identified deficiencies." The court stated "futility [wa]s a main reason for denying the opportunity to amend" because HGTC had not offered any allegations or facts to show it does not contain grades higher than twelfth, and thus is not a secondary school. HGTC filed a notice of appeal before the circuit court ruled on HGTC's motion to reconsider.

We find the circuit court erred by "failing even to consider allowing" HGTC the opportunity to amend. *See Skydive Myrtle Beach, Inc. v. Horry County*, 426 S.C. 175, 189, 826 S.E.2d 585, 592 (2019) ("Under Rules 12(b)(6) and 15(a)[, SCRCP], the circuit court may not dismiss a claim with prejudice unless the plaintiff is given a meaningful chance to amend the complaint, and after considering the amended pleading, the court is certain there is no set of facts upon which relief can be granted."); *id.* at 180, 826 S.E.2d at 587 (holding the court erred by "failing even to consider allowing [the plaintiff] to amend its complaint"). The circuit court denied HGTC's motion to amend and found an amendment would have been futile because HGTC's "generic" request had not offered "any proposed changes that would cure the identified deficiencies." However, at the hearing, the court did not

give HGTC the ability to explain how it could cure those deficiencies. Furthermore, the court did not allow HGTC the opportunity to file a proposed amended complaint for it to consider prior to denying the request. *See id.* at 183, 826 S.E.2d at 589 (emphasizing "the difficulty of determining whether allowing an amendment to a pleading would be futile without examining the proposed amendment").

Moreover, we find allowing HGTC to amend their complaint could affect the outcome of the case. *See id.* at 179, 826 S.E.2d at 587 ("When a [circuit] court finds a complaint fails 'to state facts sufficient to constitute a cause of action' under Rule 12(b)(6), the court should give the plaintiff an opportunity to amend the complaint pursuant to Rule 15(a) before filing the final order of dismissal."). There is confusion as to who owns and operates HCS. HGTC claimed it operated HCS but also stated HCS is a public school operating under HCSD. The court stated it "suspect[ed]" HCS was not a separate high school, but "it may be." It further admitted that if HCS was operated by HGTC, that finding could affect the case. HGTC requested the opportunity to amend to provide more facts as to the "material question of fact" surrounding HCS and its relationship to HGTC. If HCS qualifies as a secondary school under the Regulation or an educational facility under the Ordinance, it could affect the determination of whether the Center's operation is a violation of either law. Moreover, if HGTC is the owner and operator of HCS and HCS qualifies as a secondary school, then HGTC would have standing to bring this lawsuit. As such, allowing HGTC to amend their complaint to provide additional information regarding these issues is important to the outcome of this case. *See id.* at 185, 826 S.E.2d at 590 (holding an appellate court "must remand unless we find any amendment would be clearly futile").

Finally, because we hold it was a procedural error to deny HGTC the opportunity to amend its complaint, we must vacate the order and remand. *See Betsill v. Betsill*, 187 S.C. 50, 57-58, 196 S.E.2d 381, 384 (1938) (holding vacating a judgment is within our discretion). As detailed above, HGTC's request to amend was directly tied to the grounds on which the court granted the motion to dismiss, and the order makes clear that the court did not have the necessary information to fully and fairly evaluate that question. Therefore, we find remand is necessary to allow HGTC to amend their complaint. Accordingly, we vacate the order and remand with the instruction to allow HGTC to amend.

**VACATED AND REMANDED.**

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**