# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Stevens & Wilkinson of South Carolina, Inc., Respondent,

v.

City of Columbia, South Carolina, Petitioner.

Appellate Case No. 2012-208527

———

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

———

Appeal from Richland County
The Honorable L. Casey Manning, Circuit Court Judge

———

Opinion No. 27433
Heard January 16, 2014 – Filed August 20, 2014

———

## AFFIRMED AS MODIFIED

———

Michael W. Tighe, D. Reece Williams, III, Richard C. Detwiler, and Kathleen M. McDaniel, all of Callison Tighe & Robinson, LLC, of Columbia, for Petitioner.

Richard A. Harpootlian and Graham L. Newman, both of Richard A. Harpootlian, PA, of Columbia, for Respondent.

———

**JUSTICE HEARN:** This case arises from a grant of partial summary judgment in favor of an architectural firm finding a contract existed between it and the City of Columbia. On certiorari, the City concedes a contract exists, but argues the contract terms have been satisfied. We find the City's arguments are unpreserved and affirm as modified.

## FACTUAL/PROCEDURAL BACKGROUND

In April 2003, the City entered into a Memorandum of Understanding (MOU) with Stevens & Wilkinson of South Carolina, Inc. (S&W) and several other parties, to develop a publicly-funded hotel adjacent to the Columbia Metropolitan Convention Center. As architect, S&W was to complete sufficient preliminary design work to determine a guaranteed maximum price for the project, which would be used by the City to obtain municipal bond funding to cover the cost of the hotel. Pursuant to the MOU, the construction company was to pay S&W directly. On June 26, 2003, the City received a letter stating S&W would complete its preliminary design on July 10, 2003, and would thereupon cease further work until the bond financing for the hotel was finalized. Realizing this could delay the start of construction, S&W offered to continue working the remaining ninety days until the anticipated bond closing date of October 13, 2003, but required assurance it would be compensated for the work it performed during this time frame. It provided an estimate requiring $650,000 through October 13 and $75,000 per week after that. On July 30, the City approved "$650,000 for interim architectural design services for a period of 90 days prior to bond closing."

The bond closing did not occur as scheduled, but S&W nevertheless continued to work. On December 16, 2003, S&W submitted an invoice to the City for $697,084.79 for work that took place from July 10 to December 15, 2003. By letter dated December 17, 2003, S&W informed the construction company that the City had voted that day "to advance [$705,000.000] to the design team for design services and expenses at cost covering the time period between July 10, 2003 to December 15, 2003." Because under the MOU the construction company was to pay S&W, not the City, the construction company agreed to reimburse the City for the funds paid to S&W after the bond closing. The City remitted $697,084.79 directly to S&W later that month. S&W continued to work on the project, but in March 2004, the City abandoned its plans under the MOU and ended its relationship with S&W. S&W received no further compensation and sued the City

for breach of contract under the MOU and the July 2003 agreement.[1]  S&W then moved for partial summary judgment arguing it had a contract with the City as a matter of law based on the performance of and payment for architectural design services agreed to in July 2003.  S&W's motion clarified that it only sought resolution of whether there was a contract, and did not seek summary judgment on the issue of breach or damages.

The City argued there was no separate agreement and the payment of interim fees was merely an advance on fees under the MOU and furthermore, the MOU provided that S&W was to be paid by the construction company, not the City.  The circuit court agreed with S&W and granted partial summary judgment on the sole issue of the existence of a contract under the July 2003 agreement.  Specifically, the court found S&W made an offer by delivering its estimate to the City, and the City accepted the offer, "albeit on seemingly modified terms," by voting to authorize the $650,000.

The City filed a Rule 59(e) motion, abandoning the argument that there was no contract.  For the first time, the City argued the authorization of the $650,000 could not constitute an acceptance on "seemingly modified terms" because any modification of the terms resulted in a counteroffer, which S&W accepted by performance.  It further argued that because S&W accepted by performance, the terms were limited to the counteroffer of $650,000.  Because S&W had already been paid that sum, the City argued the court should find the City had fully performed and the contract was satisfied.

The circuit court denied the motion, finding the City never argued the authorization of payment was a counteroffer and consistent with settled principles, it would not consider new theories in a Rule 59(e) motion.  It further declined to address satisfaction of the contract because the issue of breach and damages was not before the court, only the issue of the existence of a contract.

The City appealed and the court of appeals affirmed the circuit court as modified, adopting the City's position that the agreement to pay $650,000 was a counteroffer which S&W accepted by performance. *Stevens & Wilkinson of South Carolina, Inc. v. City of Columbia*, Op. No. 2011-UP-519 (S.C. Ct. App. filed November 29, 2011).  However, the court declined to address the issue of

---

[1] The breach of contract claim under the MOU is the subject of this Court's opinion in *Stevens & Wilkinson of South Carolina, Inc. v. City of Columbia*, Op. No. x (S.C. Sup. Ct. filed x).

satisfaction on preservation grounds and remanded to the circuit court for determination of the terms of the contract, whether it had been breached, and if so, the amount of damages. *Id.* We granted certiorari.

## ISSUE PRESENTED

Did the court of appeals err in declining to find the City's counteroffer constituted the final terms of the contract and accordingly find the contract obligations satisfied?

## LAW/ANALYSIS

Although this appeal arises from the grant of S&W's motion for partial summary judgment finding a contract existed between the parties, we note that the City now concedes this very issue. The City instead argues the court of appeals erred in remanding the case for determination of the terms of the contract because S&W accepted the City's counteroffer for payment of $650,000 and there was no evidence that agreement was modified. Therefore, the City asks the Court to hold the contract has been satisfied. We decline to address this issue because it is not properly before us.

Issue preservation rules are designed to give the trial court a fair opportunity to rule on the issues, and thus provide the Court with a platform for meaningful appellate review. *Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2012). "It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review." *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998). Furthermore, a party cannot use a Rule 59(e) motion to advance an issue the party could have raised to the circuit court prior to judgment, but did not. *Hickman v. Hickman*, 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990).

As an initial matter, we hold it was error for the court of appeals to consider the City's argument that the agreement to pay $650,000 constituted a counteroffer. The circuit court, relying on well-settled precedent, declined to reach this issue because it was improperly raised for the first time in the Rule 59(e) motion. The court of appeals should have refused to entertain that theory as well for the same reasons.

Similarly, we find equally unpreserved the City's request that this Court deem the terms of the contract satisfied. The issue before the circuit court was

limited to the existence of a contract. The initial order explicitly states: "Whereas the existence of a contract between [S&W] and [the City] as a result of the July 30, 2003 agreement *is the only issue now before the court*, the Court hereby grants [S&W's] motion for partial summary judgment." (emphasis added). Furthermore, in the order denying the Rule 59(e) motion, the court declined to find the contract was satisfied and reiterated that the "previous order did not rule on the question of the breach of contract or any damages related thereto. Thus it would be inappropriate [to] extend a ruling in this case." We agree with the circuit court and employ the same restraint. It is improper for the City to concede the sole issue before the circuit court and attempt to inject new issues and theories on appeal. S&W never had the opportunity to present an argument on the exact terms of the contract, how the contract was breached, and what damages flowed from that breach. Those were not the questions before the circuit court and we will not allow them to now be placed before us.

## CONCLUSION

We therefore affirm the court of appeals' opinion as modified and hold S&W's estimate to continue services constituted an offer and the City's authorization to pay $650,000 in interim architectural design services served as an acceptance. We remand the case for further proceedings for determination of the terms of the contract and whether the contract has been satisfied or damages should be awarded.

**TOAL, C.J., PLEICONES, BEATTY and KITTREDGE, JJ., concur.**