**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jane Doe, Appellant,

v.

Crazy Horse Saloon and Restaurant, Inc., d/b/a Thee New Dollhouse and Dog Leg Right, LLC, Respondents.

Appellate Case No. 2019-001286

---

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

---

Unpublished Opinion No. 2022-UP-107
Submitted February 1, 2022 – Filed March 16, 2022

---

**AFFIRMED**

---

William James Luse, of Law Office of William J. Luse, of Myrtle Beach, for Appellant.

William Henry Monckton, VI, of Monckton, Hembree & Humphries, PA, of Myrtle Beach; and Benjamin Rogers Gooding and Vordman Carlisle Traywick, III, both of Robinson Gray Stepp & Laffitte, LLC, of Columbia, all for Respondents.

**PER CURIAM:**  Jane Doe appeals the circuit court's order granting summary judgment to Crazy Horse Saloon & Restaurant, Inc., d/b/a Thee New Dollhouse and Dog Leg Right, LLC (Respondents) on her claims for negligence, invasion of privacy-public disclosure of private facts, and intentional infliction of emotional distress.  Doe also appeals the order granting Respondents relief from the entry of default.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold Doe's argument that the circuit court applied the incorrect standard for relief from a default judgment is not preserved for appellate review.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").  In addition, we find Doe's argument that the circuit court erred in holding Respondents established good cause for relief from the entry of default is not preserved.  Although Doe set forth in her Statement of the Issues on Appeal that "there was no factual support to justify a finding of 'good cause' much less 'excusable neglect,' she did not argue the lack of support for a finding of good cause until the reply brief.  *See Fields v. Melrose Ltd. P'ship*, 312 S.C. 102, 106, 439 S.E.2d 283, 285 (Ct. App. 1993) ("An issue raised on appeal but not argued in the brief is deemed abandoned and will not be considered by the appellate court."); *First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (stating an issue is abandoned where the appellant fails to provide argument or supporting authority); *McClurg v. Deaton*, 395 S.C. 85, 87 n.2, 716 S.E.2d 887, 888 n.2 (2011) ("It is axiomatic that an issue cannot be raised for the first time in a reply brief.").

2.  We hold the circuit court did not err in granting Respondents' motion for summary judgment because Doe failed to establish a genuine issue of material fact.  *See USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) ("When reviewing the grant of a summary judgment motion, appellate courts apply the same standard that governs the trial court under Rule 56(c) [of the South Carolina Rules of Civil Procedure (SCRCP)], which provides that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Wilson v. Style Crest Prods., Inc.*, 367 S.C. 653, 656, 627 S.E.2d 733, 735 (2006) ("In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the non-moving party."); *Nelson v. Piggly Wiggly Cent., Inc.*, 390 S.C. 382, 390, 701 S.E.2d 776, 780 (Ct. App. 2010) (stating "a non-moving party may not rely on speculation to defeat a motion for summary judgment").  Additionally, Doe's

arguments that summary judgment was premature and that she was prejudiced because she was not provided notice for the basis of Respondents' motion are not preserved. *See M & M Grp., Inc. v. Holmes*, 379 S.C. 468, 474, 666 S.E.2d 262, 265 (Ct. App. 2008) (noting that while the respondent did not comply with the technical requirements of Rule 7(b)(1), the appellant failed to argue to the trial court that the respondent's failure to follow the rule "prejudiced it or caused unfair surprise in any way" and finding the appellant's argument not preserved); *Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 563, 567, 762 S.E.2d 693, 695 (2014) ("[A] party cannot use a Rule 59(e) motion to advance an issue the party could have raised to the circuit court prior to judgment, but did not.").

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.