**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Machelle Smith, Appellant,

v.

Columbia Sussex Corporation d/b/a Hilton Head Marriott Resorts & Spa; Columbia Sussex Management, LLC; and Columbia Properties Hilton Head, LLC, Respondents.

Appellate Case No. 2019-002099

————————

Appeal From Beaufort County
J. Cordell Maddox, Jr., Circuit Court Judge

————————

Unpublished Opinion No. 2022-UP-328
Submitted July 28, 2022 – Filed August 10, 2022

————————

**AFFIRMED**

————————

John Elliott Parker, Jr., of Parker Law Group, LLP, of Hampton, for Appellant.

Christian Stegmaier, of Collins & Lacy, PC, of Columbia, for Respondents.

————————

**PER CURIAM:** Machelle Smith appeals the circuit court's grant of Hilton Head Marriot Resort and Spa's (the Resort's) motion for summary judgment, arguing the circuit court erred by finding (1) the Resort was entitled to immunity from liability

under the Innkeeper's Statute[1] and (2) the Resort could not be held liable for the acts of its employee. We affirm.

Because Smith raised her argument opposing the Resort's claim of immunity under the Innkeeper's Statute for the first time in her motion to alter or amend the circuit court's order, we find this argument is not preserved for appellate review. *See Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 563, 567, 762 S.E.2d 693, 695 (2014) ("[A] party cannot use a Rule 59(e) motion to advance an issue the party could have raised to the circuit court prior to judgment, but did not."); *id.* (declining to decide an issue raised for the first time in a Rule 59(e) motion).

Because this finding is dispositive, we decline to decide Smith's remaining issue. *See Earthscapes Unlimited, Inc. v. Ulbrich*, 390 S.C. 609, 617, 703 S.E.2d 221, 225 (2010) ("[W]hen disposition of a prior issue is dispositive, an analysis of the remaining issues i[s] unnecessary.").

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] S.C. Code Ann. § 45-1-40 (2017).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.