**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Byerly, individually and as personal representative of the Estate of Susan B. Byerly, Appellant,

v.

Thomas Wesley, Respondent.

Appellate Case No. 2019-002082

———————————

Appeal from Horry County
R. Markley Dennis, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2023-UP-282
Submitted November 1, 2022 – Filed August 2, 2023

———————————

**AFFIRMED**

———————————

Joseph Clay Hopkins, Esquire, of Charleston, for Appellant.

Stephanie Anthony, Esquire, of Weston Craig Anthony, LLC, of Mount Pleasant, for Respondent.

———————————

**PER CURIAM:** In this personal injury action, Appellant John Byerly (John) seeks review of the circuit court's decisions to (1) allow Respondent Thomas Wesley (Wesley) to cross-examine John using his deceased wife's medical records; and (2) deny John's request to instruct the jury about a landlord's non-delegable duty and

potential vicarious liability for a contractor's improper repairs to a tenant's property. We affirm.

## FACTS/PROCEDURAL HISTORY

John and his wife Susan Byerly (Susan) were tenants of half of a duplex owned by Wesley. On October 8, 2016, a hurricane caused a tree to fall on the roof of the duplex. Wesley contracted with Brown Rooftops, LLC (Brown), who sub-contracted with Bay Service Contracting, LLC (Bay) to extract the tree and perform necessary repairs to the duplex. Six railroad ties, which were previously used on the property as a barrier for vehicles, were moved to facilitate access to the property as it underwent repairs. Three of the railroad ties were placed alongside the driveway where John and Susan regularly parked their vehicles.

On October 11, 2016, Susan tripped over the relocated railroad ties as she walked alongside the passenger side of one of the couple's vehicles. As a result of the fall, Susan fractured her ankle and tore the labrum in her hip.

On May 8, 2017, Susan brought a negligence action against Wesley, Brown, and Bay, seeking actual and punitive damages.[1] On May 26, 2018, Susan died of unrelated health problems, and John continued this action as the personal representative of her estate.

Before trial, John reached a settlement with Brown and Bay. John did not settle with Wesley, and the case proceeded to trial. At trial, John testified that he took Susan to the hospital from the duplex at 6:30 a.m. However, while cross-examining John, Wesley's counsel represented that a medical record reflected a 12:50 p.m. check-in time.[2] Wesley also expressed concern that John might attempt to argue a vicarious liability claim not pled in his complaint. John assured Wesley that his proposed charge to the jury did not contain language relating to vicarious liability.

John submitted a proposed jury charge stating that a landlord has a non-delegable duty to see that a repair is done properly and remains vicariously liable for

---

[1] Susan later amended her complaint to include a loss of consortium claim for John.

[2] Counsel for Wesley referenced a medical "bill" but the document indicating Susan's arrival time was a medical record that documented her injury and the treatment that she received at the hospital.

injuries caused by a contractor's improper repairs to a tenant's property. The circuit court rejected John's proposed charge because it referenced (1) vicarious liability and (2) a duty to make and keep proper repairs rather than the duty not to create "dangerous, hazardous conditions."

At the trial's conclusion, the jury found that Wesley was not negligent and therefore not liable for Susan's injuries. This appeal followed.

## STANDARD OF REVIEW

"[T]he admission or exclusion of evidence in general is within the sound discretion of the [circuit] court." *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 25, 609 S.E.2d 506, 509 (2005). "[T]he [circuit] court's decision will not be disturbed on appeal absent an abuse of discretion." *Id.* Similarly, "[a]n appellate court will not reverse the [circuit] court's decision regarding jury instructions unless the trial court committed an abuse of discretion." *Stephens v. CSX Transp., Inc.,* 415 S.C. 182, 197, 781 S.E.2d 534, 542 (2015) (quoting *Cole v. Raut*, 378 S.C. 398, 404, 663 S.E.2d 30, 33 (2008)). "An abuse of discretion occurs when the [circuit] court's ruling is based on an error of law or is not supported by the evidence." *Cole*, 378 S.C. at 404, 663 S.E.2d at 33.

## LAW/ANALYSIS

### I.      Admission of Evidence

John contends that the circuit court erred in allowing him to be cross-examined about Susan's medical records. John's arguments related to this issue are not preserved for review.

#### A. Impeachment

John first argues that the medical records at issue were not introduced into evidence and, thus, should not have been used to impeach John's testimony. We disagree and find that John failed to preserve this argument for appeal.

During the cross-examination of John, his counsel objected to Wesley's reference to a medical bill:

> MR. HOPKINS:          Your honor, I need to object. I don't believe she can impeach

|                | him on a document he didn't author. |
| THE COURT:     | You put it into evidence, it's subject to cross-examination. I overrule your objection. |

John contends that the document noting the hospital arrival time is not the medical bill he previously introduced but rather a medical record. This contention stems from an exchange between John and counsel for Wesley in which counsel referred to both a "medical bill" and "medical records."

John argues that the medical bills introduced into evidence make no reference to the time Susan was admitted into the hospital. This assertion is not supported by the record. The medical bill and medical record are two separate documents that were combined as a single trial exhibit submitted by John as "Exhibit 2." The medical "record" portion of the exhibit references Susan's arrival time as 12:50 p.m. at three separate locations. We believe that Wesley's reference to "medical records" is referring to Exhibit 2 rather than another medical record not placed into evidence. Therefore, counsel's question referencing the "medical records" instead of the "medical bill" is irrelevant as they both were placed into evidence and marked together as "Exhibit 2."

The only stated basis for John's objection at trial was that the medical bill (or medical record) was not authored by John.[3] This objection is only relevant if the document in question was not in evidence when Wesley asked about Susan's time of arrival. John concedes that the "Emergency Room bill for Susan Byerly was introduced into evidence, without exception." (emphasis removed). Whether John's counsel understood that the latter portion of the exhibit containing the introduced bill included a medical record is inconsequential. By placing the medical records into evidence, John "manifested an adoption or belief in [their] truth." Rule 801(d)(2), SCRE. Because the medical records had already been admitted into evidence, the circuit court was correct in ruling that their references to hospital arrival times are utilizable on cross-examination. *See* Rule 611(b), SCRE ("A witness may be cross-examined on any matter relevant to any issue in the case[.]"); *see also State v. Sherard*, 303 S.C. 172, 174 399 S.E.2d 595, 596 (1991) ("It is well

---

[3] The underlying reasoning, which was not explained at trial, was that Wesley improperly pitted John against the author of the medical record to which Wesley's counsel was referring, thus creating a hearsay issue. *See infra*.

settled that the scope of cross-examination is within the trial judge's discretion[.]"). Accordingly, we believe John's concession that the medical documents were introduced without exception forecloses a contrary argument on appeal. *Cf. TNS Mills, Inc. v.. S.C. Dep't of Revenue*, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) ("An issue conceded in a lower court may not be argued on appeal.").

### B. Hearsay / Prior Inconsistent Statement

John also raises arguments concerning hearsay and the failure to lay a foundation for a prior inconsistent statement. We find that these issues are not preserved on appeal.

"Issue preservation rules are designed to give the [circuit] court a fair opportunity to rule on the issues, and thus provide the [appellate c]ourt with a platform for meaningful appellate review." *Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 563, 567, 762 S.E.2d 693, 695 (2014). "At a minimum, issue preservation requires that an issue be raised to and ruled upon by the [circuit] judge." *Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011). "It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit] judge to be preserved for appellate review." *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998).

"In order to preserve for review an alleged error in admitting evidence[,] an objection should be sufficiently specific to bring into focus the precise nature of the alleged error so it can be reasonably understood by the [circuit court]." *State v. Prioleau*, 345 S.C. 404, 411, 548 S.E.2d 213, 216 (2001). "If a party fails to properly object, the party is procedurally barred from raising the issue on appeal." *State v. Johnson*, 363 S.C. 53, 58–59, 609 S.E.2d 520, 523 (2005).

John's hearsay and foundation arguments are not preserved for our review because they were not sufficiently alleged at trial with specificity. *See Prioleau*, 345 S.C. at 411, 548 S.E.2d at 216 (2001). ("In order to preserve for review an alleged error in admitting evidence[,] an objection should be sufficiently specific to bring into focus the precise nature of the alleged error so it can be reasonably understood by the [circuit court]."). John's sole objection at trial concerned improper impeachment based on a document that John himself did not author. Because John did not raise hearsay and prior inconsistent statement issues at trial, the circuit court did not have an opportunity to rule on them.

In light of the foregoing, we find John's issues related to the medical records used in his cross-examination are not preserved for appeal.

## II.     Jury Instructions

John argues that the circuit court erred in declining to instruct the jury about Wesley's non-delegable duty and potential vicarious liability for improper repairs to a tenant's property. We disagree.

"[T]he [circuit] court is required to charge only the current and correct law of South Carolina." *State v. Marin*, 415 S.C. 475, 482, 783 S.E.2d 808, 812 (2016) (quoting *State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011)). Further, "the [circuit] court is required to charge only principles of law that apply to the issues raised in the pleadings and developed by the evidence in support of those issues." *Clark v. Cantrell,* 339 S.C. 369, 390, 529 S.E.2d 528, 539 (2000). "[T]he [circuit] court is not required to instruct the jury on a principle of law that is irrelevant to the case as proved." *Id.* "Refusal to give a properly requested charge is not error if the general instructions are sufficiently broad to enable the jury to understand the law and the issues involved." *McCourt ex. rel. McCourt v. Abernathy*, 318 S.C. 301, 306, 457 S.E.2d 603, 606 (1995).

During the charge conference, John requested the circuit court to instruct the jury that:

> South Carolina Courts have found that a landlord who undertakes repair of his property by use of a contractor has a non-delegable duty to see that the repair is done properly and remains vicariously liable for injuries caused by improper repairs. . . .
>
> A person may delegate a *duty* to an independent contractor, but if the independent contractor breaches that duty by acting negligently or improperly, the delegating person remains *liable* for that breach. It is actually the liability, not the duty, that is not delegable. The party which owes the non-delegable duty is vicariously liable for the negligent acts of the independent contractor.

(Emphases in original) (internal citations omitted). The circuit court denied the charge, recognizing that while John was "directly liable for failing to use due care[,]" there was no evidence of wrongdoing on behalf of an independent contractor.

### A. Jury Charge on Improper Repairs

Initially, we believe John's jury charge was properly excluded because the issues to be charged were not raised in the pleadings nor through evidence at trial. While we acknowledge that the language John requested is an accurate statement of law, the requested jury charge was premised on an issue that was conceded at trial. *See Clark*, 339 S.C. at 390, 529 S.E.2d at 539 ("[T]he [circuit] court is not required to instruct the jury on a principle of law that is irrelevant to the case as proved."). In clarifying Wesley's purported negligent act, the circuit court stated "we're not talking about improper repairs, we're talking about dangerous, hazardous conditions[.]" John's trial counsel agreed that no evidence was presented at trial that suggests that the repairs were improper. Absent evidence to the contrary, a jury charge on that issue is irrelevant. *See Clark*, 339 S.C. at 390, 529 S.E.2d at 539 ("[T]he [circuit] court is not required to instruct the jury on a principle of law that is irrelevant to the case as proved.").

Also, as John stated in his complaint and confirmed at trial, this negligence case was brought on the theory of Wesley's direct liability rather than vicarious liability through the actions of an independent contractor.[4] Issues pertaining to vicarious liability were plainly conceded at trial and cannot be charged to the jury. *See TNS Mills, Inc.,* 331 S.C. at 617, 503 S.E.2d at 474 ("An issue conceded in a lower court may not be argued on appeal."). "The doctrine of nondelegable duty has traditionally been used to describe a form of vicarious liability." *Smith v. Reg'l Med. Ctr. of Orangeburg & Calhoun Cntys.*, 394 S.C. 110, 113, 713 S.E.2d 656, 658 (Ct. App. 2011) (quoting Martin C. McWilliams, Jr. & Hamilton E. Russell, III, *Hospital Liability for Torts of Independent Contractor Physicians*, 47 S.C. L.Rev. 431, 452 (1996)). Because John conceded all issues related to vicarious liability at trial, it follows that the question of his proposed nondelegable duty charge, which he offered to raise a vicarious liability issue, may not now be argued on appeal.

### B. Repair Process

---

[4] John's trial counsel stated the following before requesting their jury charge: "I have a proposed jury charge if you would like it, or if you prefer to wait. It is not vicarious, it is direct liability." This statement is a further indication of John's intent not to pursue this action on the theory of vicarious liability.

John argues that the circuit court erred in excluding his jury charge because the displacement of the railroad ties was a part of the "repair process." We disagree and find that this argument is not preserved for appeal.

"[A] sentence, or sentences, taken from an appellate opinion must be supplemented by additional relevant statements of the law because of the particular factual situation." *State v. Grant*, 275 S.C. 404, 407, 272 S.E.2d 169, 171 (1980). "Jury instructions by the court of irrelevant and inapplicable principles may be confusing to the jury and can be reversible error." *State v. Washington*, 338 S.C. 392, 400, 526 S.E.2d 709, 713 (2000).

John's proposed jury charge stated that a landlord is "vicariously liable for injuries caused by improper repairs." We believe this statement would have mistakenly conveyed to the jury that there was an issue as to whether the repairs were performed improperly.

John also argues that the circuit court should have modified the charge if it was not accurate or applicable. As noted *supra*, this issue was conceded at the circuit court. John cannot now assign this language new meaning. It is neither the circuit court's nor an appellate court's responsibility to rework an inapplicable statement of law to convey a more appropriate meaning. If John wanted the circuit court to charge the jury on leaving the premises in an unsafe condition as a result of the repair process, he should have included this language in his requested charge at trial. *See Wilder*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."). Accordingly, as John's "repair process" argument was not raised at trial with sufficient specificity, it is not preserved for appeal.

### C. Empty Chair Defense

John also argues that the "empty chair" defense was implied by Wesley to point fingers at nonparties. We find that this argument is not preserved for appeal because it was not raised and ruled upon by the circuit court. *See Wilder*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

**AFFIRMED.**[5]

**GEATHERS, McDONALD, J.J., and HILL, A.J., concur.**

---

[5] We decide this case without oral argument pursuant to Rule 215, SCACR.