**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David Wilson, individually and on behalf of Carolina
Custom Converting, LLC, Plaintiff,

v.

John Gandis, Andrea Comeau-Shirley, ZOi Films, LLC,
and Carolina Custom Converting, LLC, Defendants,

v.

Carolina Custom Converting, LLC, Counterclaim
Plaintiff,

v.

David Wilson, Steve Norvell, Neologic Distribution Inc.,
and Fresh Water Systems, Inc., Counterclaim
Defendants,

of which Carolina Custom Converting, LLC, John
Gandis, and Andrea Comeau-Shirley are the Appellants
and David Wilson is the Respondent.

Appellate Case No. 2020-001587

————————

Appeal From Greenville County
Charles B. Simmons, Jr., Master-in-Equity

————————

Unpublished Opinion No. 2024-UP-037
Heard December 5, 2023 – Filed January 31, 2024

## AFFIRMED

D. Randle Moody, II and Laura Ashley Ahrens, both of Jackson Lewis P.C., of Greenville, for Appellants John Gandis and Andrea Comeau-Shirley.

Burl Franklin Williams, of Burl F. Williams, P.A., of Greenville, for Appellant Carolina Custom Converting, LLC.

W. Andrew Arnold, of Law Office of W. Andrew Arnold, P.C., of Greenville, for Respondent.

**PER CURIAM:** In this civil matter, John Gandis, Andrea Comeau-Shirley (Shirley), and Carolina Custom Converting, LLC (CCC) (collectively, Appellants) appeal the master-in-equity's order granting David Wilson post-judgment interest. We affirm.[1]

---

[1] In their brief, Appellants first argue the master erred in granting Wilson post-judgment interest on the Buyout Order because Appellants posted a supersedeas bond, which they contend stayed the accrual of interest. Appellants did not make this assertion until they filed a supplemental Rule 59(e), SCRCP, motion, which was untimely. The master issued his order on May 4, 2021, and Appellants timely filed a 59(e) motion on May 14, 2021. Thereafter, Appellants filed a supplemental 59(e) motion, including the argument at issue, on June 10, 2021, which was two days after the master held a hearing on the May 14 motion. Appellants did not make this argument at the hearing. Thus, Appellants failed to safeguard this argument for appeal, and this court is foreclosed from considering it further. *See* Rule 59(e), SCRCP ("A motion to alter or amend the judgment *shall be served not later than 10 days* after receipt of written notice of the entry of the order." (emphasis added)); *Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 563, 567, 762 S.E.2d 693, 695 (2014) ("[A] party cannot use a Rule 59(e) motion to advance an issue the party could have raised to the circuit court prior to judgment, but did not."); *Spreeuw v. Barker*, 385 S.C. 45, 69, 682 S.E.2d 843, 855 (Ct. App. 2009) (determining that an appellant failed to

We hold the master did not err in awarding Wilson post-judgment interest on the Buyout Order. *See Mathis v. Brown & Brown of S.C., Inc.*, 389 S.C. 299, 307, 698 S.E.2d 773, 777 (2010) ("In an action at law tried without a jury, the [master's] findings have the force and effect of a jury verdict upon the issues and are conclusive on appeal when supported by competent evidence."); *id.* ("Accordingly, this Court's scope of review is limited to determining whether the findings are supported by competent evidence and correcting errors of law."). In his order awarding Wilson post-judgment interest, the master found section 34-31-20(B) of the South Carolina Code (2020) and *Calhoun v. Calhoun*, 339 S.C. 96, 529 S.E.2d 14 (2000), entitled Wilson to interest accruing on the Buyout Order in the amount of $208,930.15. The master reached this determination by calculating the interest rate from the issuance of the Buyout Order, January 9, 2015, to the date of payment by CCC, November 2, 2020. Pursuant to the plain language of the statute, Wilson is entitled to interest accruing from his money judgment. *See* § 34-31-20(B) ("A money decree or judgment of a court enrolled or entered *must* draw interest according to law." (emphasis added)); *see also Hunting v. Elders*, 359 S.C. 217, 229, 597 S.E.2d 803, 809 (Ct. App. 2004) ("[A] claimant is *entitled* to interest from the date of the rendition of the verdict, or post-judgment interest, as *a matter of course*." (alteration in original) (quoting *Calhoun*, 339 S.C. at 102, 529 S.E.2d at 18 (emphases added))).

Although Appellants assert the supreme court created a new judgment by modifying the Buyout Order and allegedly vacating any previously accrued interest, they fail to put forth authority supporting such a proposition. To the contrary, *Calhoun* clearly states "when a money judgment is finalized, whether in a lower court or in an appellate court, the interest on that amount, whether it has been modified upward or downward *or remains the same*, runs from *the date of the original judgment*." 339 S.C. at 104, 529 S.E.2d at 19 (emphases added). Here, the judgment amount remained the same, but the supreme court modified the primary responsible party, naming CCC as the primary party responsible for the buyout of Wilson's interest and naming Gandis and Shirley as contingent responsible parties. Although this differs factually from *Calhoun* in that there was a modification to the primary judgment debtor rather than the judgment amount, we find *Calhoun* instructive in the instant case. *See* 339 S.C. at 104, 529 S.E.2d at 18–19 (holding appellant was entitled to post-judgment interest on the amount modified by this court but accruing from the date of the original judgment of the

preserve an issue for appellate review when he did not raise the issue at trial and raised it for the first time in post-trial motions).

family court).  Further, the supreme court provided no directives indicating an intention to "vacate" or "abrogate" the circuit court's holdings or any accrued interest as alleged by Appellants.  Therefore, these arguments lack merit.  As to Appellants' contention that the master improperly reversed pierced the corporate veil, the master merely ruled in accordance with the supreme court's opinion and applied its modification to the supplemental proceedings.

Alternatively, Appellants assert that should Wilson be entitled to post-judgment interest, he is only entitled to interest from the issuance of the supreme court's opinion on June 26, 2020, through the date of payment on November 2, 2020.  This argument is unpreserved for appellate review as this is the first time Appellants make this assertion.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").  In their Rule 59(e) motion and at the corresponding hearing, Appellants argued that any accrual of post-judgment interest on the Buyout Order should cease on the date of the issuance of the remittitur on the supreme court's opinion–June 26, 2020; however, they never made any contentions as to accrued interest on the supreme court's opinion.  Appellants instead relied on the assertion that no interest accrued because they complied with the opinion and paid Wilson "within a reasonable time."  These arguments are not equivalent.  Thus, this issue is not properly before this court.

Accordingly, the order of the master is

**AFFIRMED.**

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**