**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Vicki Lynn Vergeldt, Individually, and as Successor Trustee of the John Vergeldt Jr. Revocable Living Trust dated September 27, 1978, Respondent,

v.

John Edward Vergeldt, Appellant.

Appellate Case No. 2021-000816

———————

Appeal From York County
Teasa Kay Weaver, Master-In-Equity

———————

Unpublished Opinion No. 2024-UP-052
Heard November 8, 2023 – Filed February 14, 2024

———————

**AFFIRMED**

———————

Desa Ballard and Harvey M. Watson, III, both of Ballard & Watson, Attorneys at Law, of West Columbia, for Appellant.

Taylor Anthony Peace, of Harrell, Martin, & Peace, P.A., of Chapin, for Respondent.

———————

**PER CURIAM:** John Vergeldt appeals the master-in-equity's order granting the John Vergeldt, Jr. Revocable Living Trust (the Trust) a money judgment of

$361,092.88 against him to restore trust assets and pay attorney's fees and additional expenses. On appeal, John argues the circuit court erred by (1) allowing Vicki Vergeldt to amend her petition to seek damages because damages were barred by res judicata and (2) failing to apply the standard of proof imposed by John Vergeldt, Jr.'s (the Settlor's) tenth amendment to his will. We affirm pursuant to Rule 220(b), SCACR.

1. We hold that John's argument that the doctrine of res judicata barred Vicki from amending her petition for his removal as successor trustee and other related relief was not preserved for appellate review because John first raised the argument in his motion for reconsideration. *See Skydive Myrtle Beach, Inc. v. Horry Cnty.*, 426 S.C. 175, 182, 826 S.E.2d 585, 588 (2019) ("A trial court has discretion to deny a motion to amend if the party opposing the amendment can show a valid reason for denying the motion."); *id*. at 182, 826 S.E.2d at 588 ("In rare cases . . . a trial court may deny a motion to amend if the amendment would be clearly futile."); *RIM Assocs. v. Blackwell*, 359 S.C. 170, 182, 597 S.E.2d 152, 159 (Ct. App. 2004) ("Res judicata is an affirmative defense that must be pled at trial in order to be pursued on appeal."); *Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 563, 567, 762 S.E.2d 693, 695 (2014) ("[A] party cannot use a Rule 59(e) motion to advance an issue the party could have raised to the circuit court prior to judgment, but did not."); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) (explaining that to be preserved for appellate review, an issue must have been "(1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity" (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002))).

2. We hold the master did not fail to apply the correct standard of proof as required by the Trust agreement. *See Smith v. Barr,* 375 S.C. 157, 160, 650 S.E.2d 486, 488 (Ct. App. 2007) ("Our scope of review for a case heard by a Master permits us to determine facts in accordance with our own view of the preponderance of the evidence."); *Bowles v. Bradley*, 319 S.C. 377, 380, 461 S.E.2d 811, 813 (1995) ("The primary consideration in construing a trust is to discern the settlor's intent."); *Holcombe-Burdette v. Bank of Am.*, 371 S.C. 648, 658, 640 S.E.2d 480, 485 (Ct. App. 2006) ("In ascertaining a settlor's intent, if the language of the trust instrument is perfectly plain and capable of legal construction, such language determines the force and the effect of the instrument.").

**AFFIRMED.**

**MCDONALD and VINSON, JJ., and BROMELL HOLMES, A.J., concur.**