**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Royal Garden Resort Regime Homeowners Association, Inc., Respondent,

v.

Sea Breeze Property Management & Contract Services, Inc.; Calvin Donaldson; and Phoenix of the Strand, Inc., Appellants.

Appellate Case No. 2022-000031

―――――――――――

Appeal From Horry County
Robert E. Hood, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2024-UP-140
Submitted April 1, 2024 – Filed May 1, 2024

―――――――――――

**AFFIRMED**

―――――――――――

Douglas Michael Zayicek and Holly Michelle Lusk, both of Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A., of Myrtle Beach, for Appellants.

Gene McCain Connell, Jr., of Kelaher Connell & Connor, PC, of Surfside Beach; and Kirby Darr Shealy, III, and Luke M. Allen, both of Adams and Reese LLP, of Columbia; all for Respondent.

―――――――――――

**PER CURIAM:**  This appeal arises from an action filed by the Royal Garden Resort Regime Homeowners Association, Inc. (Royal Garden) against its former property manager, Sea Breeze Property Management & Contract Services, Inc. (Sea Breeze), Phoenix of the Strand, Inc. (Phoenix), which owned various units and common elements within the Royal Garden Horizontal Property Regime (the Regime), and Calvin Donaldson, the president of both Sea Breeze and Phoenix. Royal Garden sued Sea Breeze, Phoenix, and Donaldson (collectively Appellants) for a declaratory judgment determining the ownership of various units and common areas within the Regime, damages allegedly arising from Sea Breeze's management of the Regime property, collection of homeowners' association dues, and injunctive relief.  While the action was pending, Royal Garden moved for an order allowing it to enter storage closets assigned to a commercial unit within the Regime owned by Phoenix for the purpose of installing cable television equipment. The motion came before the circuit court for a hearing, during which the court also entertained motions filed by Appellants for partial summary judgment on other issues in the case.  Following the hearing, the circuit court issued an order in which it granted Royal Garden access to the storage closets, denied Appellants' motions for partial summary judgment, and provided any issues arising from an alleged agreement concerning Royal Garden's use of the storage closets in exchange for a monthly payment to Phoenix would be reserved for trial.  After the circuit court denied Appellants' motion to alter or amend, Appellants filed this appeal, arguing the grant to Royal Garden of access to the storage closets was improper because Royal Garden did not satisfy the prerequisites for injunctive relief, the relief granted had the effect of altering the status quo rather than maintaining it, and the circuit court did not require Royal Garden to post a bond.  We affirm pursuant to Rule 220(b), SCACR.

We decline to address the issues of whether Royal Garden made the required showings for a temporary injunction or whether the relief granted by the circuit court altered rather than maintained the status quo.  Appellants raised these issues for the first time in their motion to alter or amend, which was insufficient to preserve them for our review.  *See Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 563, 567, 762 S.E.2d 693, 695 (2014) ("[A] party cannot use a Rule 59(e) motion to advance an issue the party could have raised to the circuit court prior to judgment, but did not.").

We disagree with Appellants' argument that the circuit court should have required under Royal Garden to post a bond for the requested relief pursuant to Rule 65(c) of the South Carolina Rules of Civil Procedure.  In directing Appellants to provide

Royal Garden access to the storage closets, the circuit court indicated it had carefully reviewed Royal Garden's master deed, which granted Royal Garden an easement "upon, across, over and under all of the Property for ingress, egress, installations, replacing, repairing and maintaining a master television antenna system and all utilities included, but not limited to, water, gas, sewers, telephone and electricity." Royal Garden sought only to enforce a recorded express easement; therefore, the circuit court correctly declined to require it to post a bond.

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.