**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ronald Soles, Respondent,

v.

Ioan Gherman d/b/a USA Auto Transport LLC and Jason Brockman d/b/a JNJ Transport, LLC, Defendants,

Of whom Jason Brockman d/b/a JNJ Transport, LLC is the Appellant.

Appellate Case No. 2023-000294

———————

Appeal From Greenville County
Bentley Price, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-421
Submitted October 1, 2024 – Filed December 18, 2024

———————

**AFFIRMED**

———————

Ward Benjamin McClain, Jr., of W. Benjamin McClain, Jr., LLC, of Greenville, for Appellant.

Ronald Soles, of Florida, pro se.

———————

**PER CURIAM:** Jason Brockman d/b/a JNJ Transportation, LLC (Brockman) appeals orders of the circuit court, arguing the court erred in denying his motion

for summary judgment and granting summary judgment to Ronald Soles; denying his motion for reconsideration; denying his motion for a new trial or to, alternatively, amend the order; and awarding contempt sanctions against him. We affirm.

1. We hold the circuit court did not err in granting Soles summary judgment. *See* Rule 56(c), SCRCP (providing that summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law"). Preliminarily, Brockman's contention that there are issues of fact is unavailing because Brockman filed a cross motion for summary judgment seeking judgment on the law in his favor, which he argued at the hearing. Thus, he is foreclosed from raising issues of fact at this stage. *See Byrd as Next Friend of Julia B. v. McLeod Physician Assocs. II*, 427 S.C. 407, 418, 831 S.E.2d 152, 157 (Ct. App. 2019) (providing that "a party cannot argue one ground at trial then another ground on appeal" (quoting *State v. McCray*, 332 S.C. 536, 542, 506 S.E.2d 301, 303 (1998))). Moreover, we find no genuine issue of material fact exists as to the contract's existence and whether the parties complied with its terms. From our review, the record clearly shows Brockman's failure to comply with the terms of the contract. Although Brockman asserts Soles altered the contract by failing to be present for the delivery, this was not prohibited under the contract. Further, Brockman failed to present sufficient evidence of an alteration to the contract allowing for him to collect payment in advance of delivery. Rather, in his answer, Brockman admits "payment was demanded prior to delivery of the vehicle to the Plaintiff after Plaintiff sent text messages to Defendant that he would not be present at pickup." The contract permitted Soles to send a designee to receive delivery of the vehicle, and the contract clearly states, "The total fee is due in two installments, . . . the balance [is] due when your Vehicle is *delivered* (the "Remaining Balance"). . . . The Remaining Balance and any additional charges incurred in accordance with this Agreement must be paid in full . . . directly to the Carrier *upon delivery of your Vehicle*." (emphases added). Therefore, summary judgment was proper. *See* Rule 56(c), SCRCP (providing that summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law"); *McMaster v. Dewitt*, 411 S.C. 138, 143, 767 S.E.2d 451, 453–54 (Ct. App. 2014) ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine." (quoting *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013))).

2. We hold the circuit court did not err in denying Brockman's motions to reconsider. Brockman first asserts the circuit court erred in denying his motion to

reconsider by order dated February 28, 2023. In his appellate brief, Brockman conflates the arguments he made in his motions. On appeal, Brockman focuses on the newly discovered evidence of the vehicle's title; however, the February 28, 2023 order and Brockman's corresponding motion focused on whether Brockman was an appropriate party under Rule 17(a) and whether he was entitled to storage fees. Therefore, we find any contentions as to the February 28, 2023 order lack merit. Next, Brockman argues the circuit court erred in denying his motion for a new trial or to, alternatively, amend the judgment due to newly discovered evidence. Brockman maintains Soles lacked standing to bring the breach of contract action because he was not the owner of the vehicle at issue. In considering Brockman's subsequent motions, the circuit court found the motions were frivolous attempts to delay resolving the case. We agree. Brockman could have raised the issue of ownership of the vehicle at any point prior to his successive 59(e) motion. He failed to do so. Thus, we hold the circuit court properly declined to grant relief.[1] *See Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 563, 567, 762 S.E.2d 693, 695 (2014) ("[A] party cannot use a Rule 59(e) motion to advance an issue the party could have raised to the circuit court prior to judgment, but did not.").

3. We affirm the circuit court's finding of contempt and issuance of sanctions against Brockman. "An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority." *Mead v. Beaufort Cnty. Assessor*, 419 S.C. 125, 139, 796 S.E.2d 165, 172 (Ct. App. 2016) (quoting *Bryson v. Bryson*, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008)). In his appellate brief, Brockman merely makes conclusory statements without any supporting authority. *See id.* at 139, 796 S.E.2d at 172–73 ("When an appellant provides no legal authority regarding a particular argument, the argument is abandoned and the court can decline to address the merits of the issue.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[1] We decline to address Brockman's motion to set surety as our findings on the remaining motions are dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.